EPSTEIN *v.* EPSTEIN.

1. DIVORCE—MOTHER IF PROPER PERSON ENTITLED TO CUSTODY OF MINOR CHILD.

In view of 3 Comp. Laws 1915, § 11484, it is only where the mother is not of good moral character, or where conditions exist in her home that make it an unfit place for a child, that the court will not award to her the custody of children under the age of 12 years, on her separation from her husband.[1]

2. SAME—MODIFICATION OF DECREE—ALIMONY.

Where the divorced wife has remarried and is removing from the State, taking with her the minor daughter whose custody was awarded to her, the decree is modified, on appeal, to permit the husband to have the custody of the daughter during certain specified halves of the school vacations, and he is relieved of all payments provided for her support and maintenance during the time she is in his custody.[2]

Appeal from Wayne; Jayne (Ira W.), J. Submitted January 6, 1926. (Docket No. 34.) Decided March 20, 1926.

Bill by Irene Edith Epstein against Samuel J. Epstein for a divorce: On petition of both parties for modification of the decree. From the decree rendered, defendant appeals. Modified and affirmed.

*Samuel D. Cohen,* for plaintiff.

*Butzel, Levin & Winston,* for defendant.

SNOW, J. The plaintiff in this cause was granted an absolute decree of divorce from the defendant on the 6th day of July, A. D. 1922. Among other pro-

[1]Divorce, 19 C. J. § 799; [2]Id., 19 C. J. §§ 810, 819.
Denial of custody of child to parent for its well-being, see note in 41 L. R. A. (N. S.) 564.

visions of the decree, the custody of the infant child, Janet Ruth, was given to the mother, until said child should arrive at the age of 16 years, and the father was to pay, for its care and maintenance, the sum of $100 per month, payments to be made to the county clerk for Wayne county. Provision was also made for the father to see the child from time to time. Since the decree the mother has at all times had the custody of the child, and the payments for its support have been promptly made by the father. He has been permitted to see the child in accordance with the decree, and they undoubtedly enjoy a mutual affection and attachment.

In the year 1924 the plaintiff remarried, and her present husband, one Arnold Herrmann, being desirous of removing his family, including the child, Janet Ruth, to Rochester, New York, she petitioned the circuit court, in January, 1925, for a modification of the divorce decree permitting her to take the child out of the State of Michigan, and to live with her and her husband in Rochester, New York. Thereupon the defendant filed his petition asking that the decree be modified so that he would be given the full custody and control of the child, and that the monthly payments be discontinued. These petitions came on for hearing, and on the 28th day of February, A. D. 1925, after the taking of testimony, the trial court caused an order to be entered modifying the decree to the extent of allowing the mother to take the child to her home in Rochester, and providing for a visit by the child to its father

"at least three times per year, during school vacations (exclusive of week ends), and that the vacation periods of said child be divided equally between her mother, Irene Edith Epstein, now Irene Edith Herrmann, and her father, Samuel J. Epstein."

Other provisions for seeing the child in Rochester

were made in the order, and the $100 monthly payments were to continue as before. From this order and decree the defendant appeals, but it is to the above quoted provision that his exception is particularly directed.

It is practically conceded that either of the child's parents is morally fit to have its custody and control. Both are of good character, and the child would undoubtedly enjoy the proper home surroundings with her father or with her mother. Under such circumstances the courts invariably have difficulty in determining with whom the child shall remain. The legislature has aided somewhat by section 11484, 3 Comp. Laws 1915, which provides:

"That in case of the separation of husband and wife having minor children, the mother of said children shall be entitled to the care and custody of each of the children under the age of twelve years." * * *

In this case the child, Janet Ruth, is not yet 9 years of age. It is only where the mother is not of good moral character, or where conditions exist in her home that make it an unfit place for the child, that the court will ignore the provision of the statute and give the father the custody of children under the age of 12 years. Such are not the facts here. The mother is of good moral character and has a suitable home for her child, and is entitled to its custody.

We are, however, on a careful reading of the record, impressed that some changes should be made in the order and decree of the trial court. At the end of paragraph four of the order of modification, the following will be added:

"That is to say, that Samuel J. Epstein shall have the custody of said child during the first half of the Easter or spring vacation, the first half of the summer vacation, and the last half of all other vacations during the year that shall be for a period of one week or more."

And at the end of paragraph seven of said order of modification, the following will be added:

"Provided, that said defendant shall be relieved of all payments above provided for her support, during the time said child shall be in his custody."

The said order and decree appealed from is therefore hereby affirmed with the foregoing modifications. Neither party will recover costs.

BIRD, C. J., and SHARPE, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.