FULLER *v.* FULLER.

1. Divorce—Custody of Minor Child—Statutory Preference of Mother.

   While statutory preference of mother to custody of minor child (3 Comp. Laws 1915, § 11484) must give way to best interest of child in proper case, it is not to be lightly disregarded.

2. Same—Fitness of Mother for Custody of Child.

   Where to statutory preference of mother to custody of minor daughter are added two adjudications in her favor, charge of her unfitness for such custody must be supported by persuasive evidence of conditions subsequent to decrees.

3. Same—Unfitness of Mother Not Shown.

   In husband's petition to amend divorce decree so as to award custody of minor daughter to him instead of to wife, evidence *held,* insufficient to justify amending decree.

Appeal from Oceana; Vanderwerp (John), J. Submitted October 16, 1929. (Docket No. 104, Calendar No. 34,579.) Decided December 3, 1929.

Motion by Benny Fuller to amend decree in divorce proceedings brought by him against Ada J. Fuller. From amended decree granting plaintiff

On right of court to deny custody of child to parent for its well-being, see annotation in 41 L. R. A. (N. S.) 564.

custody of their child, Majeska Fuller, defendant appeals. Reversed.

*Earl C. Pugsley,* for plaintiff.

*Wm. J. Branstrom,* for defendant.

FEAD, J. This is appeal from an amended decree of divorce in which defendant was awarded custody of a nine-year old daughter. The original decree, entered in April, 1927, had given control to defendant and ordered plaintiff to pay support money. The latter, almost immediately, became in default, was in jail for a time for failure to pay for the support of the child, and, on his release, filed petition for amended decree. Custody was again given to defendant and the provision for support money modified. Plaintiff was in default several months when the petition was filed for the amended decree at bar.

The charge made against defendant was the same as the court had rejected on the two former hearings, the use by defendant and her mother of vulgar, coarse, profane, and indecent language in the presence of the girl. To this was added the complaint that the mother did not send the child to Sunday school.

Most of the testimony on this motion related to a time before the decree and first amended decree were made. The witnesses for plaintiff did not detail the language they considered objectionable, so the fact and the degree of its propriety might be determined. There was no evidence that the mother was not giving the girl proper religious instruction at home.

The charge of profanity was disputed by several reputable witnesses. Defendant's moral character

was not attacked. It was undisputed that she kept the child clean, neat, adequately clad, and that the girl is well mannered and appears to be properly cared for. The mother has done hard menial labor to maintain her, and, because of plaintiff's delinquency, sometimes has been compelled to appeal to the public authorities for aid. The only consideration moving in favor of plaintiff was that a widowed sister, a good and religious woman, has gone to live with him and promises to take care of the child.

While the statutory preference of the mother to custody (3 Comp. Laws 1915, § 11484) must give way to the best interest of the child in a proper case (*Weiss* v. *Weiss*, 174 Mich. 431), it is not to be lightly disregarded. When to this preference are added two adjudications in favor of the mother, the charge of her unfitness must be supported by persuasive evidence of conditions subsequent to the decrees. General charges of improper language convey little information, because the claimed impropriety depends upon the viewpoint of the witness. We think the evidence did not preponderate that the mother, who has given the child excellent care under hard conditions caused by plaintiff's disregard of his legal and natural obligations, should be held unfit to further care for her own child and have the comfort of her society.

The decree will be reversed, with costs to defendant, including an additional $100 for expenses and attorney's fees.

NORTH, C. J., and BUTZEL, WIEST, CLARK, MCDONALD, POTTER, and SHARPE, JJ., concurred.