EICHHOLTZ *v.* EICHHOLTZ.

1. DIVORCE—CUSTODY OF YOUNG CHILDREN—STATUTORY PREFERENCE OF MOTHER.

The statute pertaining to divorce favoring the award of custody of children below the age of 12 years to the mother is subject to the discretionary power of the court to safeguard the best interests of the child (3 Comp. Laws 1929, §§ 12738, 12852).

2. SAME—CUSTODY OF MINOR CHILD—STATUTORY PREFERENCE OF MOTHER.

While statutory preference of mother to custody of minor child must give way to best interest of child in proper case, it is not to be lightly disregarded (3 Comp. Laws 1929, §§ 12738, 12852).

3. SAME—PRESUMPTION OF MOTHER'S FITNESS FOR CUSTODY OF CHILDREN—REBUTTAL.

The presumption of a mother's fitness for custody of children prevails in divorce proceedings until rebutted by some competent evidence (3 Comp. Laws 1929, §§ 12738, 12852).

4. SAME—CUSTODY OF CHILD—STATUTORY PREFERENCE OF MOTHER—DISCRETION OF COURT—BEST INTERESTS OF CHILD.

The discretionary power of the courts to disregard the statute giving the custody of a child under 12 years of age of divorced parents to the mother, should not be exercised unless it clearly appears that the mother's character is such that the child should not be with her, or that for some other good and clearly apparent reason the best interests of the child would be subserved if its custody were elsewhere (3 Comp. Laws 1929, § 12852).

5. SAME—FITNESS OF MOTHER TO HAVE CUSTODY OF CHILD.

It is only where the mother is not of good moral character, or where conditions exist in her home that make it an unfit place for a child, that the court will not award to her the custody of children under the age of 12 years, on her separation from her husband (3 Comp. Laws 1929, § 12852).

6. SAME—CUSTODY OF CHILDREN—FITNESS OF MOTHER—EVIDENCE.
Evidence in husband's suit for divorce *held,* insufficient to establish that mother was not a fit person to have custody of four-year-old daughter where only testimony on subject of her care of the daughter during two-year period while suit was pending was favorable to defendant, notwithstanding husband did testify defendant mother had gone to a skating rink and left their sick son in the custody of two young girls (3 Comp. Laws 1929, § 12852).

7. SAME—REMAND—CUSTODY OF CHILDREN—VISITATION.
Where decree as to custody of child of the parties is reversed and custody given mother, circuit court is vested with jurisdiction on remand to determine appropriate times and places for plaintiff to visit child.

Appeal from St. Joseph; Jacobs (Theo T.), J. Submitted June 4, 1947. (Docket No. 26, Calendar No. 43,751.)  Decided October 13, 1947.

Bill by Quinton Eichholtz against Betty J. Eichholtz for divorce on ground of cruelty.  Cross bill by defendant against plaintiff for divorce on ground of cruelty.  Decree for plaintiff.  Defendant appeals.  Modified and affirmed.

*C. L. Stickler,* for plaintiff.

*Wade & Wade (Howard & Howard,* of counsel), for defendant.

DETHMERS, J.  Defendant appeals from the provisions of a decree of divorce awarding custody of the minor child of the parties to the plaintiff.  The bill of complaint was filed on November 3, 1944. Defendant's answer and cross bill was filed December 17, 1944, and plaintiff's answer to cross bill was filed over a year later, January 4, 1946.  On September 26, 1946, there was filed a waiver by plaintiff of notice of hearing on defendant's cross bill and of right to introduce proofs under his bill of complaint

and, also, a property settlement agreement by which plaintiff agreed that custody of the minor child, Barbara Jean, then of the age of four years, should be awarded to defendant and that plaintiff should pay $10 per week toward the child's support and maintenance until she should reach the age of 17 years.

During the entire period of almost two years from the filing of the bill of complaint until the hearing before the trial court defendant had actual custody and care of the child. No testimony was introduced which was in any way critical of defendant's conduct or care of the child during that period. One of plaintiff's witnesses testified that defendant kept the child at the home of her mother; that it was a good home for the child and that she was properly cared for there.

Plaintiff testified that on a certain evening in August of 1944, while a son of the parties was suffering an illness, the defendant had left her two children in the care of two young girls while she went to a skating rink; that the son was at that time being treated by a physician; that he became worse the next day and died in a hospital. This testimony defendant did not refute at the trial, but upon her petition for modification of decree defendant's offer of testimony in rebuttal thereof was rejected by the court.

The trial court made it clear that his sole reason for awarding custody of the daughter to plaintiff was that defendant had, over two years previous thereto, attended a skating rink during the illness of her son on the evening before his death. The court did not find that the mother was in any other respect or for any other reason unfit to have the custody or that she had failed to care properly for the daughter.

The statute, 3 Comp. Laws 1929, § 12852 (Stat. Ann. § 25.311), favors awarding custody of children below the age of 12 years to the mother. The provisions of the statute are subject, however, to the discretionary power of the court to safeguard the best interests of the child. *Doolittle* v. *Doolittle,* 311 Mich. 181; *Smith* v. *Ritter,* 292 Mich. 26; *Davis* v. *Davis,* 296 Mich. 711. This power of the court is recognized by the statute itself. See, also, 3 Comp. Laws 1929, § 12738 (Stat. Ann. § 25.96).

The effect to be given the statutory preference in the mother and the test as to when the best interests of the child may be said to require that that statutory preference be disregarded have frequently been considered by this Court. The following quotations from our decisions set up the guideposts for decision here:

"While the statutory preference of the mother to custody (3 Comp. Laws 1915, § 11484) must give way to the best interest of the child in a proper case (*Weiss* v. *Weiss,* 174 Mich. 431), it is not to be lightly disregarded." *Fuller* v. *Fuller,* 249 Mich. 19.

"*Prima facie* plaintiff was entitled to the custody of the two children when defendant by subterfuge took them from her and removed them beyond the jurisdiction of the court. A presumption of her fitness obtained until rebutted by some competent evidence." *Nichols* v. *Nichols,* 222 Mich. 119, 126.

"The statute (3 Comp. Laws 1915, § 11484) gives the custody of a child under 12 years of age to the mother, in recognition of the fact that as a general rule the present welfare of children of this age requires a mother's care. While courts have discretionary power to disregard the provisions of this law, it should never be done unless it clearly appears that the mother's character is such that her

child should not be with her, or that for some other good and clearly apparent reason the best interests of the child would·be subserved if its custody were elsewhere." *Carlson* v. *Carlson,* 237 Mich. 105.

"It is only when the mother is not of good moral character, or where conditions exist in her home that make it an unfit place for the child, that the court will ignore the provision of the statute and give the father the custody of children under the age of 12 years." *Epstein* v. *Epstein,* 234 Mich. 200.

The testimony of the husband concerning defendant's lack of attention to her son ·on one occasion more than two years before the date of the trial did not suffice to establish the mother's unfitness to have the custody of her four-year-old daughter. There is no testimony that the mother has failed to take proper care of her daughter or that conditions exist in the mother's home that make it an unfit place for the child or that the mother is in any way unfit to have her custody. The only testimony ·on the subject of defendant's care of the daughter during the two-year period while suit was pending before trial is favorable to the defendant. Under such circumstances the rights accorded the mother by the statute may not be disregarded.

A decree may be taken in this Court modifying the decree of the circuit court so as to award custody of the minor child, Barbara Jean, to the defendant until she shall attain the age of 17 years or until the further order of the court and require plaintiff to pay toward her support and maintenance the sum of $10 per week. The decree shall also make provision for remanding the case to the circuit court for a determination of appropriate times and places at which plaintiff shall be allowed to visit with the child, and for the purpose of taking

such further proceedings in the case as may from time to time to that court seem just and proper.

Costs of this appeal are awarded to defendant.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, BOYLES, REID, and NORTH, JJ., concurred.