SPERTI v. SPERTI.

1. Parent and Child—Separation of Parents—Custody of Children under 12.
    In the case of separation of husband and wife having minor children, the mother of such children is prima facie entitled to the care and custody of all such children under the age of 12 (CL 1948, § 722.541).

2. Same—Separation of Parents—Custody—Welfare of Child.
    Notwithstanding that statute provides that the mother is prima facie entitled to custody of child under 12 years of age, in

---

References for Points in Headnotes

[1-4] 17 Am Jur, Divorce and Separation, §§ 673-675, 683.
[3, 4] 17 Am Jur, Divorce and Separation, §§ 684, 687.
[4] 17 Am Jur, Divorce and Separation, § 691.
[5] 17 Am Jur, Divorce and Separation, § 581.

case the parents are separated, the court and the statute recognize that the welfare of the child is paramount (CL 1948, § 722.541).

3. Divorce—Custody of Children.
    The granting of an order as to custody of a child in divorce proceedings does not prevent subsequent application by a parent for the custody of the child and it being granted on proper showing.

4. Same—Custody of Child—Maintenance of Status Quo.
    Where custody of child born in 1943 was awarded to paternal grandmother in divorce proceedings commenced in 1947 and in which wife was granted decree on cross bill because of extreme cruelty on part of plaintiff, both parties have remarried and have established suitable homes and each seek custody of the daughter, order awarding custody to husband on petition filed 70 days after entry of decree is set aside, as the *status quo* should be maintained for a longer period.

5. Same—Custody of Child—Costs.
    No costs are awarded on wife's appeal from order awarding custody of their 6-year-old child to father where petition of each parent for custody is denied and custody continued in paternal grandmother.

Appeal from Van Buren; Mosier (Carl D.), J. Submitted October 14, 1949. (Docket No. 87, Calendar No. 44,606.) Decided January 9, 1950.

Divorce proceeding by Dominick R. Sperti, Jr., against Rosemary Sperti. On petition of both parties for amendment of decree to grant custody of minor child. Decree amended granting plaintiff custody of the child. Defendant appeals. Reversed and both petitions denied.

*Thomas N. Robinson,* for plaintiff.

*Leo W. Hoffman,* for defendant.

Butzel, J.    Dominick R. Sperti, Jr., plaintiff and appellee, and Rosemary Sperti, defendant and appel-

lant, were married on October 18, 1941, when she was about 17 years of age and he was some 8 years older. They had one child, a little girl, born September 13, 1943. Plaintiff filed a bill of divorce on May 24, 1947, and shortly thereafter defendant filed an answer and cross bill. In his bill plaintiff made certain serious charges against defendant and in her answer defendant denied them and in her cross bill she alleged that plaintiff had been guilty of extreme cruelty, remaining out late and not coming home until 3 or 4 o'clock in the morning on an average of 3 or 4 nights a week, and then in an intoxicated condition, that he subjected her to indignities, swore at her and physically attacked her. At the hearing plaintiff introduced no testimony. Defendant, as cross-plaintiff, testified in regard to plaintiff's intoxication and cruelty. A decree was entered granting a divorce to defendant, as cross-plaintiff, and further providing that plaintiff's mother, Mrs. Dominick R. Sperti, Sr., residing in South Haven, Michigan, should have the custody of the minor child until the further order of the court, it appearing that the said defendant Rosemary Sperti was not in a position to provide a proper and suitable home for the said child, but subject to the right of said defendant and cross-plaintiff, Rosemary Sperti, to have said child with her on alternate week ends, she to receive the child on Saturday and return it on Sunday to the custodian. It further provided that either party should have the right to file a petition in this cause to obtain custody of said child, at such time as either should be in a position to maintain and provide a suitable home for said child, subject, however, to the right of the court to determine and decree what was for the best interests and welfare of the child. Plaintiff was ordered to pay $7 a week to the clerk of the court who was to forward this sum to Mrs. Dominick R. Sperti, Sr., for the support of the child. No ali-

mony was allowed defendant. She was awarded the household furniture. The parties had no other property.

Each of the parties subsequently remarried, plaintiff to a school teacher at Bangor, Michigan, where they established a home and to which they expect to take the child. Plaintiff's wife expects to give up teaching. The record indicates that it would be a proper home for the child and under good influences. Defendant's new husband lives at Hartford, Michigan, is steadily employed and is anxious that his wife have the child. He asserts that he is interested in the child's welfare and would be a good father to her. Defendant asks that she be given the custody of the child, stating that she and her new husband will provide a good home for the child for whom she has a genuine maternal affection.

Defendant has been working steadily during almost her entire married life, and has been obliged to support herself except for sums of money that plaintiff gave her while married to him, and even then she contributed largely to the household and furnished the entire support during several months when plaintiff was not working because of a strike and illness. Notwithstanding the fact that defendant secured the divorce on a cross bill and plaintiff offered no testimony whatsoever to substantiate his charge, he attempts now to show that defendant has forfeited her rights to the custody of the child because of her conduct both prior and subsequent to the divorce. The real controversy is brought out in proceedings by plaintiff to have the original decree amended so as to give him the custody of the child and relieve him of making further payments for care for the child.

At the hearing before a different judge than the one who had entered the original decree, it was again brought out on behalf of the defendant that

the plaintiff had been guilty of extreme cruelty and that defendant had taken the child with her to her family in Chicago in order to get away from the plaintiff; that plaintiff's former attorney (now prosecuting attorney) had interceded with her in order to arrange a reconciliation and that plaintiff promised to stop drinking and defendant agreed not to work unless it was necessary to do so, and to spend more time looking after the household and that she would not spend any time with a certain male friend of the parties whose frequent presence in the home during his own absence plaintiff objected to, although he acknowledged that he saw no improper conduct. The desired reconciliation was effected, but the harmony did not last long. It was further shown that plaintiff had taken a pledge to stop drinking before a priest in Chicago, and also before one in South Haven, but he resumed drinking. It was further brought out that plaintiff had secured possession of the child and had taken her to Rochester, Pennsylvania, where he kept her for a period of time not disclosed by the record, and that he had left instructions that defendant was not to be informed of their whereabouts. He later returned the child.

It was further shown that defendant had been keeping company with a man whom she subsequently married and that he was frequently at her home under conditions that justified the judge in holding that they were improper. Defendant freely admits that her future husband was frequently at her home and in her bedroom but she claims that there was no intimate relationship; that she had returned from the hospital from an operation; that she needed assistance during her convalescence. Her new husband testified that their relationship was not more intimate than she stated. The judge held that by her conduct she had shown herself to be an improper person to have the custody of the child. He amended

the decree so as to award the custody of the child to plaintiff. Defendant appeals.

In the case of separation of husband and wife having minor children, the mother of such children is prima facie entitled to the care and custody of all such children under the age of 12. CL 1948, § 722.-541 (Stat Ann § 25.311). Also, see *Burkhardt* v. *Burkhardt,* 286 Mich 526, where we have stressed the importance of the statute. However, we have consistently and properly held that the welfare of the child is paramount, for the same statute states:

"And provided further, that nothing in this act shall prevent any court of competent jurisdiction from making and enforcing any such order or orders as it may deem just and proper as to the care and custody of such minor children in the same manner and with like effect as it could if this act had not been passed."

We cannot overlook the opinion of the trial judge who saw and heard the parties. The order, however, is too drastic. It was because of the extreme cruelty of plaintiff that the court granted the divorce to defendant as cross-plaintiff. It was only 70 days later that plaintiff began the instant proceedings to secure the custody of the child. Now that defendant is older and happily married with a good home, she may be able to later show that she should have the custody of the child and that it will be well cared for. The granting of an order does not prevent subsequent application by the defendant for the custody of the child and it being granted on proper showing. *Sargent* v. *Sargent,* 320 Mich 33. We are not unmindful of her natural love for the child. We have permitted a mother to have the custody of a young child after she has proven that she is a proper person and can maintain a proper home. We do not believe that it is in the best interest of the child to be moved

from one home to another within such a short period. The *status quo* should be maintained for a longer period. Plaintiff has not been without fault in bringing about this unusual condition.

We believe that the petition of each of the parties should be denied and the case remanded to the trial court to make such further orders and to amend the decree further after some time has elapsed and as circumstances will warrant. The order will be set aside and the order originally entered in regard to the custody of the child remain in full force and effect. No costs.

BOYLES, C. J., and REID, NORTH, DETHMERS, CARR, BUSHNELL, and SHARPE, JJ., concurred.