LAIR *v.* LAIR.

1. DIVORCE—CUSTODY OF CHILDREN UNDER 12 YEARS OF AGE.
     The father will be given custody of children under 12 years of
     age in a decree for divorce only when the mother is not of
     a good moral character or where conditions exist in her
     home that would make it unfit for the child, the court's discre-
     tion to disregard the statutory preference of custody of such
     children being exercised only when it is clearly apparent that the
     best interests of the child would be subserved if its custody
     were elsewhere (CL 1948, § 722.541).

2. SAME—CUSTODY OF CHILDREN—EVIDENCE—FINDING OF COURT.
     Evidence presented in suit for divorce on matter of custody of
     6-year-old daughter of parties supported finding of trial court
     giving mother custody of the child except on alternate week
     ends and month of July, great weight being given to his find-
     ings where evidence as to her fitness is in conflict (CL 1948,
     § 722.541).

3. EVIDENCE—HOSPITAL RECORDS—WITHDRAWAL OF CONSENT.
     Trial court *held*, not to have committed reversible error in re-
     fusing to allow defendant husband to incorporate in record
     hospital reports as to wife for period approximately 12 months
     after their separation, where her attorney withdrew a consent to
     introduce such records previously given by predecessor attorney
     when the introduction was sought to be made and court
     declined to receive them on the ground the records were
     confidential, and record does not justify defendant's suspicion
     that the hospital records would prove plaintiff entered the
     hospital because she was pregnant.

REFERENCES FOR POINTS IN HEADNOTES
[1] 17A Am Jur, Divorce and Separation §§ 818–820.
[2] 17A Am Jur, Divorce and Separation § 823.
[3] 58 Am Jur, Witnesses § 543.
    Admissibility of hospital chart or other hospital record.    75 ALR
    378, 120 ALR 1124.

4. DIVORCE—ADDITIONAL EVIDENCE AFTER CASE WAS CLOSED.

    Trial court's denial of motion to take additional proofs in suit for divorce *held*, not an abuse of discretion, where at an adjourned hearing, some 9 months after the original hearing, defendant's attorney advised the court he had completed appellant's proofs and some 3 months thereafter filed a motion to complete the taking of evidence and to add additional evidence and record fails to disclose an outline of such evidence.

Appeal from Wayne; Maher (Thomas F.), J. Submitted October 9, 1958. (Docket No. 29, Calendar No. 47,253.) Decided January 12, 1959.

Bill by Dorothy E. Lair against Donald J. Lair for divorce. Decree for plaintiff. Defendant appeals in respect to provision relative to custody of child. Affirmed.

*Aldred L. Meredith,* for plaintiff.

*Leonard Simons* and *David R. Kaplan,* for defendant.

KELLY, J. October 5, 1956, the Hon. Thomas F. Maher, circuit judge for the county of Wayne, granted a divorce to plaintiff and, also, awarded her custody of the 6-year-old daughter. He ordered defendant to pay $15 per week for the support and maintenance of the child. The order also provided that defendant would have the child on alternate week ends from Friday, 7 p.m., to Sunday, 7 p.m., and, also, during the month of July of each year.

Appellant is not appealing from the decree of divorce, and only one question is presented to this Court, namely: Did the chancellor err in refusing to agree with defendant that plaintiff was an immoral woman and, therefore, unfit to raise the child?

CL 1948, § 722.541 (Stat Ann 1957 Rev § 25.311) provides:

"That in case of the separation of husband and wife having minor children, the mother of said children shall be entitled to the care and custody of all such children under the age of 12 years, and the father of such children shall be entitled to the care and custody of all such children of the age of 12 years or over: * * * And provided further, That nothing in this act shall prevent any court of competent jurisdiction from making and enforcing any such order or orders as it may deem just and proper as to the care and custody of such minor children in the same manner and with like effect as it could if this act had not been passed."

In *Eichholtz* v. *Eichholtz,* 319 Mich 42, in an appeal from a provision in a decree of divorce awarding custody, this Court stated (pp 45, 46):

"The statute, CL 1929, § 12852* (Stat Ann § 25-.311), favors awarding custody of children below the age of 12 years to the mother. The provisions of the statute are subject, however, to the discretionary power of the court to safeguard the best interests of the child. *Doolittle* v. *Doolittle,* 311 Mich 181; *Smith* v. *Ritter,* 292 Mich 26; *Davis* v. *Davis,* 296 Mich 711. This power of the court is recognized by the statute itself. See, also, CL 1929, § 12738 (Stat Ann § 25.96).†

"The effect to be given the statutory preference in the mother and the test as to when the best interests of the child may be said to require that that statutory preference be disregarded have frequently been considered by this Court. The following quotations from our decisions set up the guideposts for decision here:

" 'While the statutory preference of the mother to custody (CL 1915, § 11484*) must give way to the best interest of the child in a proper case (*Weiss* v.

---

* CL 1948, § 722.541, previously quoted.—REPORTER.
† CL 1948, § 552.16 (Stat Ann 1957 Rev § 25.96).—REPORTER.

*Weiss,* 174 Mich 431), it is not to be lightly disregarded.' *Fuller* v. *Fuller,* 249 Mich 19, 21.

" 'Prima facie plaintiff was entitled to the custody of the 2 children when defendant by subterfuge took them from her and removed them beyond the jurisdiction of the court. A presumption of her fitness obtained until rebutted by some competent evidence.' *Nichols* v. *Nichols,* 222 Mich 119, 126, 127.

" 'The statute (CL 1915, § 11484\*) gives the custody of a child under 12 years of age to the mother, in recognition of the fact that as a general rule the present welfare of children of this age requires a mother's care. While courts have discretionary power to disregard the provisions of this law, it should never be done unless it clearly appears that the mother's character is such that her child should not be with her, or that for some other good and clearly apparent reason the best interests of the child would be subserved if its custody were elsewhere.' *Carlson* v. *Carlson,* 237 Mich 105, 107.

" 'It is only when the mother is not of good moral character, or where conditions exist in her home that make it an unfit place for the child, that the Court will ignore the provision of the statute and give the father the custody of children under the age of 12 years.' *Epstein* v. *Epstein,* 234 Mich 200, 202."

Eight years later this Court referred to the *Eichholtz* decision in *Vines* v. *Vines,* 344 Mich 222, 225, 226, stating:

"The custody statute, *supra* [CL 1948, § 722.541 (Stat Ann § 25.311)], has been frequently before the Court. The cases are collected in *Eichholtz* v. *Eichholtz,* 319 Mich 42, where we have practically held that only when the mother is not of a good moral character or where conditions exist in her home that would make it unfit for the child, may the court well ignore the provisions of the statute and give the father custody of a child under 12. See *Epstein* v. *Epstein,* 234 Mich 200. \* \* \*

---

\* CL 1948, § 722.541, previously quoted.—REPORTER.

"We do hear chancery cases *de novo*, but we are reluctant to reverse, except for very potent reasons, where the trial judge did not abuse his discretion in making his determination as to what was for the best interest of the child. See *Sargent* v. *Sargent*, 320 Mich 33, and the many cases therein cited."

An examination of the record, consisting of the testimony of plaintiff and defendant and 14 witnesses, does not present clear and potent evidence justifying our decision that the trial judge abused his discretion in determining what was best for the child.

Appellant's attorney called the mother of the child to the stand, under the statute. She denied going out in the company of men while defendant was in the service, or after he returned, and while the bill of divorce was pending. The writer of this opinion agrees with appellant that plaintiff's testimony in this regard is refuted by the record and this fact must have been apparent to the chancellor.

There was testimony justifying a conclusion that the mother was very fond of her child; that when she absented herself she saw to it that the child was well taken care of; that she was active in Girl Scout and Red Cross programs, and that she was a good housekeeper.

Marian Look, of the Wayne county health department, testified that plaintiff was a very competent mother, giving to the child "the mother love particularly which a child so badly needs," and that in 1949 she recommended to the child welfare worker that plaintiff be given a baby for boarding and she was given a baby because it was apparent how fond she was of children; that subsequent to being given the baby she made many sacrifices for the child.

Defendant strenuously endeavored to prove plaintiff's immorality and unfitness. Plaintiff denied all

such accusations. Circumstantial evidence at the best could only be used to prove the point. All this Court has before it is the printed words. We have repeatedly held that we are very conscious of the fact that the circuit judge saw and heard the witnesses testify and, therefore, we give "great weight" to the trial court's findings of fact. See *Hartka* v. *Hartka,* 346 Mich 453; *Brugel* v. *Hildebrant,* 332 Mich 475.

We cannot conclude from the evidence introduced that the chancellor erred in finding that the mother should have custody of the child.

Appellant claims the chancellor committed reversible error in denying his proffer of hospital records. Appellee was cross-examined as to her hospitalization in Providence Hospital in the summer of 1954, approximately 12 months after her separation from appellant. She stated her doctor informed her that while in the hospital he had removed a tumor.

At a subsequent hearing when neither appellee nor her original counsel was present, appellant endeavored to place in evidence the hospital records and the chancellor stated: "Those records are confidential and cannot be used except through the consent of Mrs. Lair, and in the absence of her consent, that is as far as you can go."

Appellee's attorney (Mr. Powers) notified appellant's attorney that appellee had no objection to the introduction of the hospital records, but this consent was withdrawn by the present attorney (Mr. Meredith, substituted for Mr. Powers) when appellant endeavored to introduce the records.

After reading the hospital report, the court informed appellant's attorney that "it doesn't cover what you claim at all." The record herein does not supply any proof justifying appellant's suspicion, or hope, that the hospital records would prove that

appellee entered the hospital because she was pregnant, and appellant's attorney admitted in open court that he had not seen the hospital reports. We do not believe the chancellor committed reversible error in refusing to allow appellant to incorporate the hospital reports in the record.

The original trial date was June 7, 1955. Nine months later, March, 1956, a subsequent hearing was held and at that time appellant's attorney advised the court that he had completed appellant's proofs. Three months later (June 21, 1956) appellant filed a "motion to complete the taking of evidence and to add additional evidence." This motion was signed by appellant's attorney and was supported only by his affidavit.

This motion stated that "defendant has acquired new evidence as to the unfitness of plaintiff," without in any way outlining what such evidence consisted of. The court denied the motion to present additional testimony and appellant asks this Court to hold such denial as reversible error and, without any record proof to sustain his statements, places in his brief what appellant's attorney claims he told the chancellor in his chambers in regard to newly-discovered evidence.

Nothing is presented to this Court that would justify a finding that the trial court abused its discretion in denying appellant's motion to take additional evidence after proofs were closed in the case.

Order affirmed. Costs to appellee.

DETHMERS, C. J., and CARR, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.