## OSTERGREN *v.* OSTERGREN.

1. Divorce — Custody of Children — Statutory Preference to Mother.

> The legislative preference accorded mother of children under 12 years of age reserves to the court in a suit for divorce the power to otherwise provide for their care and custody if just and proper to do so, the continuing well-being of the children constituting the primary concern (CL 1948, § 722.541).

2. Same—Custody of Children—Best Interests of Children.

> Custody of 3 children, 2 of whom are now of school age, awarded to father at time of divorce, is not disturbed under record presented on mother's petition filed after lapse of 3-1/2 years and after each of the parties had remarried and the mother had recovered from her emotional disturbance, where the trial court determined the best interests of the children would be served by continuing their custody with the father and stepmother who treats them as her own and the mother who has returned to the practice of chiropractic proposed to provide a baby sitter during office hours, it not being shown their welfare would be enhanced by again disrupting their presently well adjusted lives (CL 1948, § 722.541).

Appeal from Gratiot; Cash (Paul R.), J. Submitted October 3, 1962. (Docket No. 17, Calendar No. 49,494.) Decided December 4, 1962.

Bill by John M. Ostergren against Kathryn I. Ostergren resulted in decree of divorce. Subsequent petition by defendant for custody of 3 minor children denied. Defendant appeals. Affirmed.

References for Points in Headnotes
[1] 17A Am Jur, Divorce and Separation § 819.
[2] 17A Am Jur, Divorce and Separation § 818.

*Fortino, Plaxton, Deatrick & Sheldon (Kenneth D. Plaxton, of counsel), for plaintiff.*

*Sinas, Dramis, Brake & Werbelow (Richard J. Brake, of counsel), for defendant.*

SOURIS, J. We are called upon to review a chancellor's denial of a mother's petition for modification of a divorce decree which granted custody of her 3 minor children to their father.* Petitioner, who was defendant in the divorce suit, relies upon CL 1948, § 722.541 (Stat Ann 1957 Rev § 25.311), which provides, in pertinent part:

"That in case of the separation of husband and wife having minor children, the mother of said children shall be entitled to the care and custody of all such children under the age of 12 years, and the father of such children shall be entitled to the care and custody of all such children of the age of 12 years or over:   *   *   *   And provided, further, That nothing in this act shall prevent any court of competent jurisdiction from making and enforcing any such order or orders as it may deem just and proper as to the care and custody of such minor children in the same manner and with like effect as it could if this act had not been passed."

The mother claims that since the divorce she has remarried, as has her former husband; that she has established a home as satisfactory for the children as the one in which they live with their father and stepmother; that she has completely recovered from an emotional disturbance which precipitated the marital discord; and that, consequently, she should be accorded now the benefit of the statutory preference for placing custody of minor children under the age of 12 with their mother.

---

* The 3 children involved here were born on August 2, 1949, October 22, 1954, and January 11, 1956.—REPORTER.

The chancellor heard extensive medical testimony concerning the mother's emotional condition at the time the divorce suit was instituted and as of the date of hearing of the custody petition. He also took proofs concerning the mother's efforts toward rehabilitation of her life following the divorce, her visits with the children by arrangements made voluntarily between the parties, and the present home circumstances of the parties.

Both parents are chiropractors and, apparently, practiced together during their marriage except when petitioner was prevented from doing so during her pregnancies. Immediately preceding the filing of the bill of complaint, petitioner was so emotionally distraught that her mother filed a petition with the probate court to have her committed to an institution as mentally ill. The petition was subsequently dismissed without adjudication of the issue it presented. The decree of divorce was taken *pro confesso* (based, in part, on evidence that defendant had abandoned her family) about 6 months after suit was started and petitioner married a friend of her former husband 2 months later. One child has been born of that marriage. About 9 months after the divorce, the father married a widow whose 11-year-old son he adopted.

Petitioner has returned to the practice of chiropractic, maintaining office hours during the day and some evenings, and proposes to continue to work outside the home as long as she can do so. If granted custody, she proposes to provide a baby sitter for the children during her office hours except for evenings when her present husband would be home. At the time of hearing, the mother and her husband were remodeling a house which testimony indicated would be a suitable home for small children.

The proofs disclose that the 2 oldest children who are of school age have done very well in their school

work, and that all 3 children are well adjusted and in good health. The father's present wife cooperates fully with the school authorities and, it was said, shows the same interest in the children as she would if they were her own.

The chancellor expressed grave reluctance to uproot these small children from the presently serene environment in which they have lived since 1958 with their own father and stepmother who have cared well for them. He concluded it would not be in the children's best interest now to place them in a completely new home which they have never known in the custody of their mother and stepfather who are relative strangers to them. We share the chancellor's reluctance and his conclusion.

The statute relied upon by petitioner, while expressing a legislative preference entitling the mother to the care and custody of children under the age of 12, also expressly reserves to the court the power otherwise to provide for their care and custody if just and proper to do so. In such matters our primary concern is the continuing well-being of the children involved. We fully recognize the substantially closer relationship normally existing between such young children and their mothers, and the desirability of its continuation for the children's benefit. And, normally, we do not override the mother's statutory preference even when the proofs indicate the mother has been guilty of serious misconduct if the best interest of the children requires they be continued in her custody. Particularly is this so if the custody decision must be made at the time of entry of the divorce decree when the choice usually is between *leaving* the children with their mother or *leaving* them with their father. *Lair* v. *Lair,* 355 Mich 10.

Our opinions disclose a similar strong preference for the mother, in keeping with the statute's expression of preference, when the decision must be made

subsequent to the divorce even when a transfer of custody from the father is involved. In *Sargent* v. *Sargent,* 320 Mich 33, although the father as well as the mother had remarried, custody of minor children under the age of 12 years was transferred to the mother more than 3 years after the original decree granted their custody to the father. But, this Court was careful to note that the father had been away from home during the interim period with the exception of 11 months and had not developed a close relationship with the children. On the other hand, this strong preference for the mother is not conclusive and succumbs to our overriding concern for the present and future well-being of the children. For example, in *Lazell* v. *Lazell,* 271 Mich 271, we declined to be bound by the statutory preference where the proofs disclosed a very close relationship between the father and child, developed during 4 years following divorce, and notwithstanding that the father had not remarried.

When the contest for custody is between a mother and the children's grandparents or other relatives, the mother's preference is even stronger; but even in such cases it is not a conclusive preference. In such cases the courts weigh the child's need for its mother's care and affection against the uncertainties of advancing years and declining health of custodial grandparents. No distinction is made between those cases where custody has been decreed to grandparents and those where the father has been decreed custody but actual custodial care is provided by grandparents. In every case the courts must, somehow, determine what is best for the children involved. See *Paton* v. *Paton,* 363 Mich 192; *Vines* v. *Vines,* 344 Mich 222; *Sperti* v. *Sperti,* 326 Mich 620; and *Reynolds* v. *Reynolds,* 323 Mich 332.

The chancellor's decision could not be based upon the circumstances he would consider of paramount

importance in determining custody at the time of entry of an original decree of divorce. Nor could he decide this issue on the same basis involved in custody contests between mother and grandparents. Three and one half years had elapsed from the time of divorce to the chancellor's timely decision on the mother's petition for custody,—years during which these small children had formed firm personal relationships with, and had become dependent for security upon, their father and stepmother.

The Ostergren children are, and have been, living in a child's world of happiness. They receive maternal care and affection from a stepmother who treats them as she would her own. As in the case of *Lazell v. Lazell, supra,* the fortunately favorable relationship between them and their father and stepmother should not at this time be disturbed. These young children have survived one shattering disruption of family life remarkably well, but in the absence of any indication that their welfare would be enhanced by transferring their custody to their mother, the chancellor declined to again disrupt their presently well adjusted lives. The record below amply supports his exercise of the statutorily confirmed discretionary power to override the statutory preference for the mother.

Affirmed. Costs to appellee.

CARR, C. J., and DETHMERS, KELLY, BLACK, OTIS M. SMITH, and ADAMS, JJ., concurred with SOURIS, J.

KAVANAGH, J., concurred in result.