## CONWAY v. CONWAY

1. DIVORCE—CUSTODY OF CHILD—MODIFICATION OF DECREE—BEST INTEREST OF CHILD.

> Modification of judgment of divorce as to child custody does not require a showing of unfitness of the person originally granted custody where modification of custody is in accord with the statutory presumption favoring custody in the father as to children over 12 years old (CL 1948, § 722.541).

2. APPEAL AND ERROR—DIVORCE—CHANCERY CASES—DE NOVO HEARING—FINDINGS OF TRIAL COURT.

> The appeal from an order modifying decree of divorce is heard *de novo* by the Court of Appeals, but serious consideration is given to the findings of the trial court, which has a better opportunity to appraise the evidence and the credibility of the witnesses.

3. APPEAL AND ERROR—DIVORCE—MODIFICATION OF DECREE—CUSTODY OF CHILD.

> A reviewing court ought not to reverse the determination of a trial court in a case to modify a divorce judgment as to child custody, unless convinced that it must have reached a different conclusion had it occupied the position of the lower court under like circumstances.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation §§ 812, 819.
[2, 3] 4 Am Jur 2d, Appeal and Error § 868.

Appeal from Ingham, Sam Street Hughes, J. Submitted Division 2 May 7, 1969, at Lansing. (Docket No. 5,714.) Decided May 29, 1969.

Petition by defendant, Richard Conway, to modify divorce judgment previously granted plaintiff, Margaret Conway. Judgment modified to grant defendant custody of minor child. Plaintiff appeals. Affirmed.

*Stuart J. Dunnings, Jr.,* for plaintiff.

*Mark A. Latterman,* for defendant.

BEFORE: LESINSKI, C. J., and QUINN and DANHOF, JJ.

LESINSKI, C. J. On July 28, 1967, plaintiff was awarded a judgment of divorce from defendant. Pursuant thereto, custody of three of their children, Peter, James and Kathryn, was awarded to plaintiff, while custody of the remaining child, Richard, was awarded to defendant.

On December 21, 1967, defendant petitioned for modification of the judgment requesting that he also be granted custody of his child, Peter. Following a hearing, the trial court awarded custody of Peter to defendant based upon a finding of a change in circumstances causing the modification to be in the best interest of the child.

Plaintiff appeals, contending the trial court erred in modifying the judgment as to custody: (1) because there was insufficient proof that plaintiff was not a fit and proper person to have custody of the child, Peter, (2) because there was insufficient proof to demonstrate a change in circumstances since the original divorce judgment was granted, and (3) be-

cause it was in the best interest of Peter that plaintiff be awarded custody.

Plaintiff's first contention of insufficient proof that plaintiff was unfit to have custody of Peter is supported by the record and by the specific trial court finding that neither of the parents was unfit for custody of Peter. Nevertheless, the failure to prove unfitness of plaintiff would not be grounds for reversal of the judgment granting custody to defendant, unless, as a matter of law, a judgment awarding custody cannot be modified without a finding, upon sufficient proof, that the person having custody was unfit.

Plaintiff provides no authority in support of the principle that, as a matter of law, proof of unfitness is a prerequisite to modification of a custody judgment. The three essential questions to be considered in determining whether modification is warranted were stated by the Michigan Supreme Court in *Hensley* v. *Hensley* (1959), 357 Mich 3, 6.

1. What effect does the statute, CL 1948, § 722.541 (Stat Ann 1957 Rev § 25.311), providing a presumption supporting custody in the mother as to children under 12 years, and favoring custody in the father as to children over 12 years, have upon the case?

2. Is the modification of the original divorce judgment in the best interest of the child?

3. Has the party seeking modification shown a change in circumstances sufficient to warrant modification?[1]

Although unfitness for custody is a factor to be considered in ascertaining the best interest of the

[1] See, also, *Hentz* v. *Hentz* (1963), 371 Mich 335, stating that in the determination of custody the overriding consideration is the best interest of the child, to which all other considerations must yield. A party may obtain custody by showing a change in circumstances which would justify a change in custody on the basis of the welfare and best interest of the child.

child, our research discloses no authority preventing modification of custody to accord with the statutory presumption of CL 1948, § 722.541, *supra,* where both parents are fit and proper persons.[2]   Indeed, if a change in circumstances occurs, custody should be modified according to the best interest of the child, regardless of the fact that the parent originally granted custody is a fit parent.   Modification does not require a showing of unfitness of the person originally granted custody, since the best interest of the child is the prevailing consideration in any modification.

Plaintiff's contentions that the lower court must be reversed because of insufficient proof of a change in circumstances and a lack of showing that it is in the best interest of Peter that defendant be awarded custody, necessitate that this Court review the facts.   As this is an appeal from an order modifying a divorce judgment of the circuit court:

"We hear it *de novo* on the record, necessarily according grave consideration to the findings of the trial court, however, who manifestly has the better opportunity to appraise the evidence and the credibility of the witnesses.   *   *   *

" ' "The reviewing court ought not to reverse the determination of the trial court in such a case, unless

---

[2] Proof of unfitness of the parent in whom the statute, CL 1948, § 722.541 (Stat Ann 1957 Rev § 25.311), prefers custody, may be essential in order for custody to be removed from that parent and granted to the parent not preferred by the statute.   Compare *Lair* v. *Lair* (1959), 355 Mich 10; and *Vines* v. *Vines* (1955), 344 Mich 222 (suggesting that only where the parent preferred by the statute is unfit, may the court ignore the statute and grant custody to the other parent), with *Ostergren* v. *Ostergren* (1962), 368 Mich 408 (where there was no proof that the mother was unfit, but the court ignored the statutory presumption and granted custody to the father based upon the best interests of the children).   However, since in the instant case Peter is 12 years old, the statute prefers defendant father for custody of Peter and the statute would not require that plaintiff mother be found unfit prior to custody being granted to defendant father,

convinced that it must have reached a different conclusion had it occupied the position of the lower court, under like circumstances." ' " *Hensley, supra.*

Regarding plaintiff's allegation that defendant failed to present sufficient proof demonstrating a change in circumstances since the original divorce judgment was granted, we have read the transcript and record and the briefs on appeal, and fully support the circuit court's conclusion that a change in circumstances had occurred. Similarly, our review convinces us that the circuit court properly concluded it to be in the best interest of Peter that defendant be awarded custody.

Affirmed. Costs to appellee.

All concurred.