DAVIS v. DAVIS.

1. DIVORCE—CUSTODY OF CHILDREN—STATUTES—INHERENT POWERS OF EQUITY.

Statute providing for custody of minor children in case of separation of parents does not qualify or restrict the inherent, broad, discretionary powers of a court of chancery to adjudicate as to the custody of children whose interests are before it, according to the varying elements for consideration in each case, and to make such disposition of each child as its best interests appear to demand (3 Comp. Laws 1929, § 12852).

2. SAME—CUSTODY OF CHILDREN—EVIDENCE.

Provision of decree awarding custody of nine-year-old boy and seven-year-old girl to mother who resides out of the State is not disturbed on appeal where trial court entered decree some seven months after the hearing and stated he was more concerned with the welfare of the children than with pleasing the parents, where there is testimony supporting allegations in bill entitling her to a decree.

Appeal from Ingham; Hayden (Charles H.), J. Submitted January 14, 1941. (Docket No. 98, Calendar No. 41,359.) Decided March 11, 1941.

Bill by Evelyn K. Davis against Lyle E. Davis for divorce for extreme and repeated cruelty and nonsupport. Cross bill by defendant against plaintiff for divorce on ground of extreme and repeated cruelty. Decree for plaintiff. Defendant appeals. Affirmed.

*Rathbun & Arvidson* and *William T. Cross,* for plaintiff.

*Walter O. Estes,* for defendant.

Sharpe, C. J. Plaintiff, Evelyn K. Davis, and defendant, Lyle E. Davis, were married in 1930 and have two children, a boy now nine years of age and a girl now seven years old. The parties separated in December, 1938, at which time plaintiff went to live with her parents in Cincinnati, Ohio. The two children remained with defendant, who has maintained a home for them and at the time of the divorce hearing was living at Park Lake, near Lansing, employing a housekeeper to care for the children.

On March 6, 1939, plaintiff filed a bill of complaint for a divorce and custody of the minor children. Defendant filed an answer and cross bill also praying for a divorce and custody of the children. After hearing the evidence, the trial court granted plaintiff a decree of divorce, from which there is no appeal; and awarded custody of the children to her.

Defendant appeals and claims that the proofs show that the best interests of the children would be served by leaving them in his custody.

In rendering his opinion, the trial court made no written finding as to the fitness or unfitness of either of the parties or as to the best interests of the children, but said:

"We have a case here in which, as often occurs most unfortunately, it doesn't appear that either one of these parents has been very bad people in relation to their children. * * *

"So far as the matter of custody, for this morning, and the amount to be paid, I am going to take that under consideration for at least today. I may have an investigation made. The only reservation in my mind is whether or not this plaintiff has a proper home, will provide a proper home for the children. * * *

"I am concerned more now with the welfare of the children than I am of pleasing them (the parents)."

The decree awarding plaintiff custody of the children was entered some seven months after the close. of the hearing.

The rules and principles for determining custody of children in divorce cases have been frequently enunciated by this court and were recently restated in *Smith* v. *Ritter* (syllabus), 292 Mich. 26, in which this Court held:

"Statute (3 Comp. Laws 1929, § 12852 [Stat. Ann. § 25.311]) providing for custody of minor children in case of separation of parents does not qualify or restrict the inherent, broad, discretionary powers of a court of chancery to adjudicate as to the custody of children whose interests are before it, according to the varying elements for consideration in each case, and to make such disposition of each child as its best interests appear to demand."

See, also, *Brookhouse* v. *Brookhouse,* 286 Mich. 151.

We have carefully read the record made in this case. The trial court had the important advantage of seeing the parties and hearing them testify. We are not disposed to disagree with his conclusion. Our opinion is fortified by the fact that the decree awarding custody of the children to plaintiff was not entered until some seven months after the hearing; and that the allegations in the bill of complaint were sufficiently proved so as to entitle plaintiff to a decree of divorce.

Decree is affirmed, with costs to plaintiff.

BUSHNELL, BOYLES, CHANDLER, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred.