RIEDE v. RIEDE.

1. Parent and Child—Custody—Statutes.
    The right of the mother to have the custody of a child under 12 years of age, by virtue of statute, is not absolute, the wishes of the parents being a secondary consideration and the welfare of the child paramount (3 Comp. Laws 1929, § 12852).

2. Same—Custody—Third Persons—Support.
    The court may award custody of the child of divorced parents to a third person and require the father to pay for her support (R. S. 1846, chap. 84, § 17a, as added by Act No. 255, Pub. Acts 1939).

3. DIVORCE—CUSTODY OF CHILDREN—ARREARS IN ALIMONY.

Fact that father, required to pay mother $5 a week alimony was $65 in arrears in payment thereof, due to illness, would not bar court from changing decree which had awarded custody of child to mother so as to award custody to father to be maintained in his sister's home, pursuant to report of the friend of the court, made after investigation of the homes of the parties.

Appeal from Ingham; Hayden (Charles H.), J. Submitted October 15, 1941. (Docket No. 62, Calendar No. 41,648.) Decided January 5, 1942.

Divorce proceedings by Edwin Charles Riede against Jessie Marie Riede. Amended decree granting plaintiff's petition to be awarded custody of minor child. Defendant appeals. Affirmed.

*Marshall, Searl & Dean,* for plaintiff.

*Harry H. Partlow,* for defendant.

BOYLES, J. Plaintiff and defendant are residents of Lansing, Ingham county. In 1934, defendant was granted an uncontested decree of divorce in which defendant was given the custody of their minor child, Grace Marie, then four years of age. Plaintiff was required to pay $5 per week alimony and given the right of visitation and custody at certain times. Neither party has remarried.

In November, 1940, plaintiff filed a petition to modify the decree, alleging that the defendant was no longer a proper person to have the custody of the child, that plaintiff had a proper home for the child with his sister, and asking to be granted the custody. Issue was joined thereon and considerable testimony taken, a recital of which would not benefit Mrs. Riede. Suffice it to say the testimony indicates that the habits of Mrs. Riede and the conditions of

her home life are such that the trial court properly concluded there should be a change of environment for the child. We concur in this finding.

The court directed the friend of the court to investigate the homes of the parties. This was done, and the report in the record shows that the home of plaintiff's sister would be decidedly a more proper home, having in mind the best interests of the child.

The court entered an amended decree, making the child a ward of the court, granting custody to plaintiff, the child to be maintained in the sister's home at plaintiff's expense, and giving both parents such right of visitation and custody during vacations as might be approved by the court.

We have reviewed the record and find no reason to disturb the amended decree.

The right of the mother to have the custody of a child under 12 years of age, by virtue of the statute (3 Comp. Laws 1929, § 12852 [Stat. Ann. § 25.311]), is not absolute. The wishes of the parents are a secondary consideration. The welfare of the child is paramount. *Weiss* v. *Weiss,* 174 Mich. 431; *Smith* v. *Ritter,* 292 Mich. 26. The court may award custody of the child to a third person and require the father to pay for her support. Revised Statutes 1846, chap. 84, § 17a, as added by Act No. 255, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 12739–1, Stat. Ann. 1941 Cum. Supp. § 25.97[1]).

The fact that plaintiff was $65 in arrears in payment of alimony, due to illness, does not bar the court from changing the decree as to custody of the child.

Affirmed, with costs.

CHANDLER, C. J., and NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.