## MAULT v. ELLIOTT.

**1.** DIVORCE—MODIFICATION OF DECREE—CUSTODY OF CHILDREN—STATUTORY PREFERENCE TO MOTHER—CHANGE OF CUSTODY.

It is assumed that circuit judge made no finding of fact on hearing on petition for modification as to custody that the welfare of either boy or girl, children of divorced parents, required a change in custody or would be best served thereby, where, although he found neither parent was unfit and one not more fit than the other to have custody of the boy, he based the mother's right to custody of the boy, then about 11 years of age, upon statutory preference accorded to mother as to children under the age of 12 years (CL 1948, § 722.541).

**2.** SAME—CUSTODY OF CHILDREN—STATUTORY PREFERENCE TO MOTHER.

The statute according mother a preference as to custody of children under 12 years of age, upon divorce of the parents, clearly contemplates that in making an order for the custody of a minor child the court having jurisdiction shall determine what action, under the circumstances, is just and proper, the welfare of the child being the prime consideration (CL 1948, § 722.541).

**3.** SAME—CUSTODY OF CHILDREN—STATUTES.

The right of the mother to have the custody of a child under 12 years of age, upon being divorced from the father, accorded by statute, is not absolute, the wishes of the parents being a secondary consideration and the welfare of the child paramount (CL 1948, § 722.541).

**4.** SAME — CUSTODY OF CHILDREN — STATUTES — BEST INTERESTS OF CHILD.

The statute according the mother a preference to the custody of children under 12 years of age upon the granting of a

REFERENCES FOR POINTS IN HEADNOTES

[1–4, 6, 7] 17 Am Jur, Divorce, § 683.
[5, 7] 2 Am Jur, Appeal and Error, §§ 119, 122.
[8] 17 Am Jur, Divorce and Separation, §§ 580, 581.

decree of divorce does not qualify or restrict the inherent, broad, discretionary powers of a court of chancery to adjudicate as to the custody and control of children whose interests are before it, according to the varying elements for consideration arising in each case, and to make such disposition of each child as its best interests appear to demand, it being within the power of the court to award the custody of the child to either parent or to a third person and the paramount consideration being the welfare and happiness of the child from the standpoint of education, moral and religious training, good influences, care, kind treatment, pleasant environments, and future prospects (CL 1948, § 722.541).

5. APPEAL AND ERROR—CHANCERY CASES—DE NOVO REVIEW ON THE RECORD—CUSTODY OF CHILD.

An appeal from an order modifying decree of divorce as to custody of a child is a proceeding in equity which is heard by the Supreme Court *de novo* on the record.

6. DIVORCE—STATUTES—CHANGE OF CUSTODY OF BOY—RECORD.

Custody of boy who is of a nervous temperament and has remained with his father who has remarried and on a farm for the last 5 years since boy was about 8 years of age, is ordered not disturbed on appeal from order modifying decree of divorce so as to award his custody to remarried mother, now living in a city, where trial judge made no express finding of fact that the welfare of the boy necessitated a change of custody, although he found neither parent unfit to have his custody and based the change solely on statutory preference accorded mother as to children under 12 years of age and record does not warrant making such change (CL 1948, § 722.541).

7. APPEAL AND ERROR—QUESTIONS REVIEWABLE—DIVORCE—MODIFICATION OF DECREE—CUSTODY OF CHILDREN—INVESTIGATION BY PROSECUTING ATTORNEY.

Order of Supreme Court requiring that custody of boy remain with his father makes it unnecessary to discuss claim of father that such action should not have been taken on petition for modification of decree of divorce, without having given notice to the prosecuting attorney and affording him an opportunity to investigate the facts.

8. DIVORCE—COSTS—MODIFICATION OF DECREE.

No costs are allowed on reversal on father's appeal from order modifying decree awarding custody of boy to mother.

Appeal from Hillsdale; Arch (Charles O.), J. Submitted January 3, 1951. (Docket No. 35, Calendar No. 44,779.) Decided March 1, 1951.

Divorce proceedings between Mary E. Elliott Mault and Hubert V. Elliott. On petition of plaintiff for amendment of amended decree as it related to custody of children. Decree amended. Defendant appeals. Reversed.

*Lucien D. Walworth,* for plaintiff.

*Dimmers & MacRitchie,* for defendant.

CARR, J. On May 2, 1946, the parties to this case were divorced by the circuit court of Hillsdale county. The decree was granted to the plaintiff, and she was given the custody of the 2 minor children of the parties, Barbara, then nearly 8 years of age, and Thomas, 3 years of age. Defendant was required to pay $6 per week for each child, until each reached the age of 17 or until the further order of the court. Defendant was given the right to visit the children at reasonable times.

On the 16th of May following the filing of the decree of divorce, an order, based on the written stipulation of the parties, was entered, amending the decree in such manner as to give the custody of Thomas to defendant, and relieving him from making further payments for the support of said child. On October 12, 1949, plaintiff filed a petition to amend the decree by restoring to her the custody of the boy, alleging that she had signed the stipulation for an order giving such custody to the defendant, in May, 1946, because of her inability at that time to care for him. She further set forth that following the granting of the decree she was married on March 1, 1947, that a child was born of said marriage, and that she

had a suitable home in the city of Jackson in which to take care of Thomas. The defendant filed an answer to the petition, denying that plaintiff had a suitable home in which to rear children, and asserting also that he was a fit and proper person to retain the custody of the boy. By way of affirmative relief he asked that the decree be amended in such manner as to give him the custody of Barbara, alleging that he had a suitable home and that the children would be better off therein than with plaintiff and her husband.

The proofs taken on the hearing disclosed that defendant was married and was maintaining a home on a farm in Hillsdale county. It is a fair conclusion from the testimony that the economic condition of each party has improved since the divorce was granted in 1946. After considering the proofs of the parties, the trial judge filed an opinion summarizing his conclusions as to certain facts in dispute as follows:

"Each party testifies as to the good qualities of their home and their ability to care for these children and as to the disadvantages of the other home as do other witnesses produced by the respective parties.

"This court has made a list of the advantages and disadvantages of each home and they just about balance up as nearly as this court can figure. And while the court feels that it is rather too bad that the petition was filed, and that the present arrangement be continued, yet the mother had the clear legal right to file the petition and the court is bound to hear it and pass on it. Also the mother has proven that there has been a change of circumstances since the amendment to the decree was made and that a new situation now presents itself. *Sims* v. *Sims,* 298 Mich 49.  *  *  *

"In the instant case this court cannot say from the testimony before it that either parent is unfit and

neither can it say that one parent is more fit than the other taking the picture by and large as a whole."

The opinion of the circuit judge does not indicate any conclusion on his part that the welfare of either child required a change in custody, or would be best served thereby. It must be assumed that he did not make any such finding of fact. He came to the conclusion, however, that plaintiff's petition should be granted because of the provisions of CL 1948, § 722.-541 (Stat Ann § 25.311), which reads, in part, as follows:

"That in case of the separation of husband and wife having minor children, the mother of said children shall be entitled to the care and custody of all such children under the age of 12 years, and the father of such children shall be entitled to the care and custody of all such children of the age of 12 years or over: * * * And provided further, That nothing in this act shall prevent any court of competent jurisdiction from making and enforcing any such order or orders as it may deem just and proper as to the care and custody of such minor children in the same manner and with like effect as it could if this act had not been passed."

A decree was entered in accordance with the opinion of the court, referring to the change in the circumstances of the plaintiff and to the statute, and providing that plaintiff should have the custody of Thomas until he reached the age of 17 or until the further order of the court. The payment by defendant for the support of each child was fixed at $5 per week. From such order defendant has appealed, claiming that under the situation shown by the testimony taken on the hearing, and the factual findings indicated in the opinion of the circuit judge, the custody of the boy should not be taken from him and given to plaintiff. Attention is also called to plain-

tiff's failure to serve notice of the proceeding on the prosecuting attorney of the county. It is argued that action on the petition without an investigation by the prosecutor, and a report by him to the court as to his findings, was improper.

The record in the case fully justifies the conclusion that the home of the defendant is at least as suitable for the rearing of the child whose custody is in question here as is that of the plaintiff. The boy has been with his father since May, 1946. The home surroundings are satisfactory, and it is undisputed that defendant's present wife is properly caring for the child and that she has a genuine affection for him. He is attending school, being transported from his home to the school, and returned, by bus. There is nothing before us to suggest that he is not satisfied with his present environment, or that it is not conducive to his well-being.

The statute above quoted, read in its entirety, clearly contemplates that in making an order for the custody of a minor child the court having jurisdiction in the premises shall determine what action, under the circumstances, is "just and proper." This Court has repeatedly held that the welfare of the child is the prime consideration. In *Riede* v. *Riede,* 300 Mich 300, it was said:

"The right of the mother to have the custody of a child under 12 years of age, by virtue of the statute (CL 1929, § 12852 [Stat Ann § 25.311]), is not absolute. The wishes of the parents are a secondary consideration. The welfare of the child is paramount. *Weiss* v. *Weiss,* 174 Mich 431; *Smith* v. *Ritter,* 292 Mich 26. The court may award custody of the child to a third person and require the father to pay for her support. Revised Statutes 1846, ch 84, § 17a, as added by PA 1939, No 255 (CLS 1940, § 12739-1, Stat Ann 1941 Cum Supp § 25.97[1])."

In *Smith* v. *Ritter,* 292 Mich 26, the decree of divorce gave the custody of a young child to the maternal grandparents. Thereafter the plaintiff in the case married and filed her petition asking that the decree be amended to give the custody to her on the ground that she had a satisfactory home and that under the statute she was entitled to custody. The trial court came to the conclusion that the welfare of the child could best be served by leaving him in the home of his grandparents. This Court affirmed the order and denied the mother's petition, quoting with approval from *Weiss* v. *Weiss,* 174 Mich 431, where it was said with reference to the statute above quoted:

"The statute in question has never been construed as qualifying or restricting the inherent, broad, discretionary powers of a court of chancery to adjudicate as to the custody and control of children whose interests are before it, according to the varying elements for consideration arising in each case, and to make such disposition of each child as its best interests appear to demand. On the contrary, it was said in *Re Knott,* 162 Mich 10:

"'There is nothing in either provision (CL 1897, §§ 8689, 8701 [See CL 1948, §§ 722.541, 703.6 (Stat Ann § 25.311, Stat Ann 1943 Rev § 27.3178 [206])]) which interferes with the right of a court of competent jurisdiction, upon investigation and upon consideration of the best interests of a minor child, to commit said child to the custody of either the father, the mother, or of some other suitable person.'

"The fact that the parents are equally good, or equally bad, or even that one in some respects may be better than the other, is not necessarily the final test. Other considerations bearing on the welfare of the child may turn the scale.    *    *    *

"While the wishes and affections of the parents for the child are not to be ignored, they are a secondary consideration. The primary consideration is

the welfare and happiness of the child, from the standpoint of education, moral and religious training, good influences, care, kind treatment, pleasant environments, and future prospects."

This being a proceeding in equity we hear the matter *de novo* on the record. As above pointed out, the question before us has reference to the welfare and best interests of the child. In such cases we give consideration to the factual findings of the trial judge who is in a better position to weigh the credibility of the witnesses, who have appeared before him, than is this Court. In this case the judge concluded, as appears from his opinion, that the parties and their respective homes were equally fit and suitable for the upbringing of the child. The question as to the custody of the boy was determined by reference to the statute, above quoted, on the theory that under the circumstances it required the taking of custody from the father and giving it to the mother. We do not think that such a result was in contemplation by the legislature in the enactment of the statute. If accepted, it would lead to the conclusion that under like circumstances a child in the mother's custody by virtue of the provisions of the decree of divorce should, when such child reaches the age of 12, be taken from the mother and given to the father if the latter petitions therefor. We do not think that the statute should be given such controlling significance. Rather, each case presented must be determined on the basis of all facts having reference to the welfare of the child or children concerned. The fitness of the parties and the suitability of their homes for the rearing of children are not the sole questions at issue. Other questions are involved in a proceeding of this nature. The trial judge did not conclude that the welfare of Thomas required a change in his custody. We must necessarily consider the record and

determine whether under the existing situation a different disposition of the matter should have been made.

In *Lazell* v. *Lazell,* 271 Mich 271, the decree of divorce granted to the plaintiff gave the custody of the child of the parties to the defendant. Approximately 3 years later plaintiff married a man who had a good home and a large income. The stepfather was very fond of the child, a boy then 8 years of age, and promised to provide him with a college education if his care and custody were awarded the mother. The trial court concluded that under the circumstances of the case it would not be well to take the boy from his then home. In an opinion upholding the action of the trial judge, this Court said:

"There is no doubt but that had the mother been able to care for the child at the time of the original decree, she would have been entitled to his custody under the circumstances of the case. Now, however, the child is over 9 years of age, has always lived in a rural community, is fond of farm life, is doing splendid school work, has his father as a constant companion, and is seemingly happy. The misery and unhappiness leading to a divorce between parents is too often visited upon the children, who as a result find themselves conflicted and insecure. It is not well to disturb the *status quo* unless the court finds it necessary or proper for the good of the child. Should either parent attempt to influence the child against the other, or should conditions change, the trial judge, on the filing of a petition, can always make proper investigation and if necessary amend the decree. The court reached the correct conclusion in not uprooting the child from his present environment. The welfare of the child is paramount to all other considerations."

This Court has repeatedly recognized in prior decisions that a change in the environment of a young

child is ordinarily not conducive to the child's welfare. This is particularly the situation where, as in the present instance, the child is of a nervous temperament. *Johnson* v. *Johnson,* 318 Mich 21. In *Sargent* v. *Sargent,* 320 Mich 33, 37, it was said:

"Our attention is called to a number of cases wherein we declined to disturb the *status quo* when it was sought to transfer the custody of children from one divorced parent to the other. Undoubtedly it is disturbing to the children to have their home ties disturbed. They find themselves confused and insecure. It will be found that in all these cases we affirmed the trial judge if the court did not abuse his discretion in coming to his conclusion as to what was best for the welfare of the children."

In the *Sargent Case,* on which counsel for plaintiff relies, the trial court came to the conclusion, based on the testimony of the parties, his observation of them in court, and the report of the friend of the court, that the best interests of the children of the parties required a change in custody. By amendment to the decree of divorce, such custody had been given to the father on August 18, 1943. In November, 1946, the mother, who had in the meantime remarried and established a proper home, petitioned for modification of the decree. It appeared that the children had actually been with their father for only 11 months of the period between the amendment of the decree and the filing of the petition for its modification. They were, during the greater part of the time, cared for by relatives of the father. Under the circumstances this Court declined to hold that the conclusion of the circuit judge was incorrect. An examination of the record in the case indicates that his findings were fully substantiated by the proofs.

Plaintiff also calls attention to *Reynolds* v. *Reynolds,* 323 Mich 332. There the decree of divorce

gave the custody of a minor child to the paternal grandmother. Subsequently the defendant, the mother, married and established a home found to be a proper place for the child. It was further shown that the grandparents were somewhat elderly people, the grandfather, who had suffered a heart attack, being past 70. The decree was amended to give the custody of the child to the mother, the trial court concluding, as is evident from his opinion appearing in the record in the case, that it would be to the advantage of the child in his future care, education and support, to leave the home of the grandparents and enter that of his mother and stepfather. Attention was directed to the fact that the home where he had been living was some distance from the school he attended, and that in his mother's home he would have better facilities in that respect as well as preferable environment otherwise.

Because of the facts involved, neither the *Sargent Case* nor the *Reynolds Case* may be regarded as authority for the order involved in the instant proceeding. In each the conclusion of the trial court was based on factual findings, substantiated by the record, with reference to the welfare of the child or children involved. Such is not the situation here. As before pointed out, the trial judge did not conclude as a matter of fact that the welfare of Thomas required that his custody be taken from defendant and given to plaintiff. Our consideration of the record persuades us that such a conclusion would not be well founded. Concededly the child is in a satisfactory home and is being well cared for by his father and stepmother who are deeply attached to him. Removing him from that home would necessarily have a disturbing effect, particularly in view of the child's nervous temperament. His custody should not be made a matter of experimentation. We think that the welfare of the child, the controlling

consideration in the case, will be best served by leaving him in the home of the father and stepmother. This conclusion renders it unnecessary to consider the claim advanced by counsel for defendant that action on plaintiff's petition should not have been taken by the trial court without giving notice to the prosecuting attorney and affording him an opportunity to investigate the facts.

The order entered by the trial court on December 17, 1949, from which defendant has appealed, is vacated, and the cause is remanded for enforcement of the decree as previously amended on May 16, 1946, and for such further proceedings, if any, as the parties or either of them may desire to institute. No costs are allowed.

REID, C. J., and BOYLES, NORTH, DETHMERS, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.