## KAISER v. KAISER.

DIVORCE—CUSTODY OF CHILD—BEST INTERESTS OF CHILD.

> Finding of trial judge in mother's petition for custody of daughter now 14 years of age that custody should remain unchanged, made after every facet of the custody matter was explored *held,* adequately supported by record, where the child has resided for the past 8 years with the father and stepmother with periodic visits to her maternal grandparents, during a portion of which period the mother was institutionalized for mental illness, notwithstanding mother to whom custody had originally been awarded in decree of divorce has now recovered from her illness, the welfare of the emotionally tender and sensitive child being stressed.

Appeal from Wayne; Baum (Victor J.), J. Submitted April 8, 1964. (Calendar No. 15, Docket No. 50,115.) Decided May 4, 1964.

Bill by Kathleen Kaiser against Howard Kaiser resulted in decree of divorce with subsequent modification. Petition by plaintiff for modification in respect to child custody denied. Plaintiff appeals. Affirmed.

*George Kratchman,* for plaintiff.

*Carl R. Thomsen,* for defendant.

PER CURIAM. This is a dispute between parents over custody of their only child, a daughter, now

---

REFERENCES FOR POINTS IN HEADNOTE

17A Am Jur, Divorce and Separation § 818.

14 years old. It is an appeal from a denial of plaintiff's petition to modify a decree with respect to custody.

In January, 1952, after approximately 3-1/2 years of marriage plaintiff obtained a divorce from defendant and, at that time, received custody of the child who was then 2 years of age. Plaintiff mother then took the young child and went to live in the home of her parents. In December, 1953, plaintiff was institutionalized for mental illness and restored in 1959. On June 17, 1954, the decree of divorce was modified to award custody to defendant father. By this modification the maternal grandparents retained visitation rights and the child since has periodically visited with her grandparents and with plaintiff, in accordance with decretal provisions. Defendant remarried in 1956. Since the 1954 modification defendant has had continuous custody. It is undisputed that plaintiff has recovered from her illness and is presently both physically and mentally fit. She resides with her parents, is gainfully employed, and has not remarried.

In June, 1960, plaintiff petitioned for modification of the decree to award her custody of the child. After investigation by the friend of the court, including the taking of testimony by a referee, the matter was heard in circuit court. After full hearing and review of the evidence, the circuit judge found it to be "in the interests of the welfare of the child" that the custody remain unchanged. Summing up his appraisal of the parents, the following is quoted from the 1962 opinion of the circuit judge:

"In this case both parents are fit. Both homes are fine homes. The maternal grandparents are splendid people. The same may be said for the husband's second wife.

"Both parents love the child; and she, in turn, loves both of her parents.

"The mother was once mentally ill and had tuberculosis, but she has recovered fully and is now physically and mentally sound. It was because of this illness that custody was taken from the mother and vested with the father.

"Both parents are unusually fine, decent, and morally upright people."

While both parents were found to present suitable environment, that is, fitness of home and person, the learned circuit judge analyzed the particular needs of the child. He found the young girl to be "unusually tender and sensitive from an emotional point of view." Because of "this emotionally tender and sensitive" nature, drastic changes were found to be not in the best interests of the child. "A change in the custody arrangement," he said, "would be so unsettling as to possibly endanger her emotional health and well-being." The judge noted that the child had enjoyed an abundance of family living in the last 8 years with her father and with her stepmother, described as a warm and kindly person. He added, "for 8 years the child has sunk roots in home and that way of life. This involves her school, her Sunday school, her religious training, her extracurricular activities such as music and girl scouts and the like."

In a fully developed record, every facet of this custody matter was explored. Evidence was more than adequate to support the findings and order of Judge Baum. Several witnesses, including a psychiatric social worker, testified to the sensitive nature of the child and her delicate emotional makeup. A number of witnesses, including family and friends, gave extensive testimony as to personal, social, educational and religious conditions surrounding the child in her present home as well as during visits with her mother. Upon this review *de novo,* we cannot say that we would have reached a different

conclusion from that of Judge Baum. See *Lazell* v. *Lazell,* 271 Mich 271; *Mault* v. *Elliott,* 329 Mich 544; and *Ostergren* v. *Ostergren,* 368 Mich 408.

Affirmed. Costs to appellee.

KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.