## EDDINGER *v.* EDDINGER.

**1.** Divorce—Custody of Children—Welfare of Child.

The welfare of the child is paramount to all other considerations in awarding custody of the child in a divorce case.

**2.** Same—Custody of Children—Changed Circumstances—Discretion of Court.

Trial court's modification of a judgment of divorce which took custody of 4-year old son from defendant father and awarded it to plaintiff mother upon showing of changed circumstances *held*, to be no abuse of discretion, where plaintiff proved to the satisfaction of the trial court that she has a home for her son, is employed, is able to provide for his needs, and that the defendant is employed and able to contribute to the support of his son, and original award of custody was made by agreement of parties based on financial circumstances and not on fitness of parties to have custody.

**3.** Appeal and Error—Chancery Cases—De Novo Review—Discretion of Court.

Appellate courts hear chancery cases *de novo,* but are reluctant to reverse a trial judge who has not abused his discretion.

**4.** Divorce—Change of Circumstances—Custody of Child—Costs.

No costs are awarded in appeal from supplementary order of trial court in divorce action changing custody of child because of changed circumstances.

---

References for Points in Headnotes

[1] 24 Am Jur 2d, Divorce and Separation § 783.
[2] 24 Am Jur 2d, Divorce and Separation §§ 817, 824.
[3] 5 Am Jur 2d, Appeal and Error §§ 703, 772.
[4] 24 Am Jur 2d, Divorce and Separation § 588.

Appeal from Isabella; Campbell (Robert H.), J. Submitted Division 3 December 6, 1967, at Grand Rapids. (Docket No. 3,408.) Decided June 10, 1968.

Petition by Lois Ann Eddinger against Stephen Merritt Eddinger to amend a judgment of divorce to award custody of son to plaintiff. Judgment for plaintiff. Defendant appeals. Affirmed.

*Wilson & Stone,* for plaintiff.

*Mustard, Clagett & Everett,* for defendant.

J. H. GILLIS, J. This appeal arises on a petition to modify a judgment of divorce with respect to custody of a minor child. The parental contestants are Stephen and Lois Eddinger who were divorced in January, 1964. A son, James, the subject of the controversy, was born to Stephen and Lois, born in April, 1962. The mother was successful as petitioner in this action to modify the judgment. The modification was entered November 3, 1966. The father has appealed.

Custody of James was originally awarded to his father pursuant to a stipulation entered as part of the judgment of divorce and property settlement. The stipulation recited that the mother was limited by a low earning capacity and believed that the best interests of the child would be served by leaving him with the father and particularly under the care of the paternal grandmother. The father at that time was financially unable to contribute monetarily to the support of the child and for this reason as well, as indicated by the record, the mother agreed to place custody of the child with the father.

Every indication is that James is well-loved and desired by all parties. The grandmother in par-

ticular seemed to provide good care to the child during his residence with her.

In her petition to modify the judgment of custody, the mother alleged that by change of circumstances since entry of the original order, the best interests of the child would be served by awarding custody to her. She set forth and proved to the satisfaction of the trial judge that she has prepared a home for her son and is now steadily employed and able to provide for his needs. It was shown, moreover, that the father is now gainfully employed and able to contribute monetarily to the support of his son.

The many legal and equitable axioms with which the bench and bar are familiar are hollow words when we deal with the custody of children. *Foxall* v. *Foxall* (1947), 319 Mich 459; *House* v. *House* (1962), 367 Mich 350. In each case "the welfare of the child is paramount to all other considerations." *Lazell* v. *Lazell* (1935), 271 Mich 271, 274.

Plaintiff has made her showing of changed circumstances which, we believe, would allow the trial judge to find that the best interests of the child would be served by award of custody to the mother. We are convinced that the changed circumstances controlling the present petition are those economic and social circumstances set forth by the mother. The consent to custody at the original determination was financially oriented and did not concern the fitness of either parent. In this regard the present action differs from *Hentz* v. *Hentz* (1963), 371 Mich 335, where fitness was in issue at the original custody determination. As our Supreme Court stated in *Vines* v. *Vines* (1955), 344 Mich 222, 225, 226:

"We do hear chancery cases *de novo*, but we are reluctant to reverse, except for very potent reasons, where the trial judge did not abuse his discretion

in making his determination as to what was for the best interest of the child."

Finding no abuse of discretion or error on the part of the trial judge, the judgment granting modification is affirmed, without costs.

HOLBROOK, P. J., and BURNS, J., concurred.