TARR *v.* POLLOCK

1. APPEAL AND ERROR—CHANCERY—DE NOVO REVIEW.
An appeal from a chancery judgment will be reviewed *de novo;* questions of fact and law are subject to review.

2. PARENT AND CHILD—CHILD CUSTODY—APPEAL AND ERROR.
The appellate court when reviewing a child custody judgment, issued in a custody proceeding, must review the entire record *de novo.*

3. PARENT AND CHILD—CHILD CUSTODY—CHILD UNDER TWELVE—
STATUTES.
Statutory provision that after a husband and his wife have separated, the mother is entitled to custody of the children

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 822.
[2] 42 Am Jur 2d, Infants § 42.
[3, 7] 39 Am Jur, Parent and Child § 23.
[4] 42 Am Jur 2d, Infants § 43.
[5] 42 Am Jur 2d, Infants § 57.
[6] 4 Am Jur 2d, Appeal and Error § 136.

under twelve years old is not mandatory but only a guide to the court where there is doubt as to which parent is better fit to have custody or where neither parent has been shown to be unfit; the statutory provision does not restrict the broad discretionary power of a court to award custody in the best interest of the child.

4. PARENT AND CHILD—CHILD CUSTODY—BEST INTERESTS.

A child's best interest is the predominant, if not the sole, judicial concern in awarding custody of a child in a custody proceeding.

5. PARENT AND CHILD — CHILD CUSTODY — CHANGE OF CUSTODY — POLICY.

Courts are reluctant to change a custody judgment because of the detrimental effect of custody changes on the child; a change of custody will be granted only if it is necessary or proper for the good of the child.

6. PARENT AND CHILD—CHILD CUSTODY—APPEAL AND ERROR—DISCRETION.

A child custody award made in a custody proceeding is in the discretion of the trial court and will be reversed only where the trial judge abused his discretion.

7. PARENT AND CHILD — CHILD CUSTODY — CHANGE OF CUSTODY — STATUTORY PREFERENCE.

Determination that the father should retain custody of children under twelve years old, as originally arranged, was not error, even though there is a statutory preference for the mother's custody of children under twelve years old, where the children were leading normal, happy lives with their father and stepmother and where the home environment with the father was exceptionally good.

Appeal from Oakland, Clark J. Adams, J. Submitted Division 2 April 10, 1969, at Lansing. (Docket No. 4,523.) Decided July 29, 1970.

Complaint by Janice A. Tarr against Donald Edward Pollock, her former husband, for custody of their minor children. Judgment for defendant. Plaintiff appeals. Affirmed.

*Forsythe, McMachan & Kaichen,* for plaintiff.

*O'Hara, Munde & Hudson,* for defendant.

Before: J. H. GILLIS, P. J., and LEVIN and BRONSON, JJ.

BRONSON, J. Plaintiff, Janice Tarr, and defendant, Donald Pollock, were divorced in Germany. Shortly thereafter, while still in Germany, plaintiff signed an instrument purporting to relinquish custody of their two children to defendant and his new wife. Subsequently plaintiff remarried. Her present husband is the former husband of defendant's wife. Plaintiff now seeks the return of her children to her. From a ruling by the Oakland County Circuit Court that the *status quo* should be maintained, leaving the children in the custody of defendant, the natural father, plaintiff appealed.

This case originally came on to be heard in the Court of Appeals on April 18, 1969. The judgment of the circuit court was dated August 31, 1967 and entered October 10, 1967. On appeal briefs were filed and oral argument was heard. After due consideration, we remanded to the Oakland County Circuit Court for an updating of testimony and findings by the court, some two years having elapsed since the lower court judgment.

At the outset we must note that we do not necessarily feel bound by any instrument agreed upon by the parties while in Germany. Each chancery case is dealt with *de novo* according to the justice and equity upon the whole record. *Goodrich* v. *Smith* (1891), 87 Mich 1. To the same effect, *Bojarski* v. *Milus* (1924), 226 Mich 475.

Unlike an appeal at law, an appeal in chancery subjects all questions of fact as well as law to re-

view by the upper court. *State* v. *Venice of America Land Co.* (1910), 160 Mich 680.

Where an appeal in equity lies, it brings the case up for review, with all matters of discretion open for consideration in the appellate court, precisely as they were in the court below. *Detroit Fire & Marine Insurance Company* v. *Renz* (1876), 33 Mich 298.

The appellate court hears a chancery case *de novo* and it is the duty of such court to exercise independent judgment in passing upon the evidence. *Mahder* v. *Soule* (1919), 207 Mich 40.

It is the task of the Court of Appeals not merely to determine reversible error in a child custody case but, rather, to reconsider the entire record *de novo*.

In a child custody case the Court of Appeals assumes the same role as would the chancellor in an original action.

"The chancellor in exercising his jurisdiction upon petition does not proceed upon the theory that the petitioner, whether father or mother, has a cause of action against the other or indeed against anyone. He acts as *parens patriae* to do what is best for the interest of the child. He is to put himself in the position of a 'wise, affectionate and careful parent' * * * and make provision for the child accordingly." *Finlay* v. *Finlay* (1925), 240 NY 429, 433, 434 (148 NE 624, 626, 40 ALR 937), quoted favorably in *Sovereign* v. *Sovereign* (1958), 354 Mich 65, 79, and *In re Mark T.* (1967), 8 Mich App 122, 143.

Continuous reference is made by petitioner to the statutory preference accorded a mother in deciding child custody cases when a child is of tender years. MCLA § 722.541 (Stat Ann 1957 Rev § 25.311) states:

"That in case of the separation of husband and wife having minor children, *the mother of said chil-*

*dren shall be entitled to the care and custody of all
such children under the age of 12 years,* and the
father of such children shall be entitled to the care
and custody of all such children of the age of 12
years or over: Provided, That any probate court or
any court of competent jurisdiction, may, on petition
and hearing thereof, make and enforce such order
or orders as it may deem just and proper as to the
care and custody of such minor children, excepting
in cases where an order or decree may have been
made by any court in chancery, regarding such chil-
dren: And provided further, That *nothing in this
act shall prevent any court of competent jurisdiction
from making and enforcing any such order or orders
as it may deem just and proper as to the care and
custody of such minor children in the same manner
and with like effect as it could if this act had not
been passed."* (Emphasis added.)

The provisions of MCLA § 722.541 are not manda-
tory. *Weiss* v. *Weiss* (1913), 174 Mich 431. This
statute does not qualify or restrict the inherent,
broad, discretionary powers of a court of chancery
to adjudicate the custody of children whose interests
are properly before it and to make such disposition
of each child as his or her best interests appear to
demand. *Davis* v. *Davis* (1941), 296 Mich 711; *Lair*
v. *Lair* (1959), 355 Mich 10. Reasonable construc-
tion of the intent and meaning of the statute con-
cludes that the statutory provisions were intended
as a general guideline for the court when there is
doubt as to which of the contesting parents is better
fit to maintain custody, or when neither parent is
shown to be unfit. *Smith* v. *Ritter* (1939), 292 Mich
26. The provisions of this section are not mandatory
and do not interfere with the power of the court to
issue such orders, with reference to child custody, as
circumstances may warrant. *Johnson* v. *Johnson*
(1947), 318 Mich 21.

Both plaintiff and defendant devoted a large part of their original briefs to the comparative fitness of the parties. Although reference was made in the original decision below to certain prior behavior of the parties, no determination was made as a question of fact concerning the issue of the plaintiff's fitness.[1] Rather, the court properly based its decision on the best interests of the children.[2]

"One significant feature common to all child custody cases, regardless of the procedural label, is this Court's insistence upon the child's best interest prevailing as the predominant, if not sole, judicial concern. But, the standard by which we measure the child's best interest is not always the same in these cases." *In re Ernst* (1964), 373 Mich 337, 361.

See, also, *In re Seeney* (1951), 330 Mich 55; *Wells* v. *Wells* (1951), 330 Mich 448; *Riede* v. *Riede*[3] (1942), 300 Mich 300; *Dean* v. *Dean* (1955), 343 Mich 458. "The welfare of the child is paramount to all other considerations" in awarding custody of the child in a divorce case. *Lazell* v. *Lazell* (1935), 271 Mich 271; *Eddinger* v. *Eddinger* (1968), 11 Mich App 636.

In *Hentz* v. *Hentz* (1963), 371 Mich 335, original custody was awarded to the father and the mother

---

[1] Upon remand it was established that both parties are fit.

[2] "Well, the children seem to be getting along pretty well. Their health is good, it has improved apparently from what it was. The children are with their natural father and with a woman who likes them.

" * * * the *status quo* should not be disrupted unless the welfare of the children demand it.

"This court finds nothing in this case which would indicate that the *status quo* of the, that the welfare of the children demands a change in the *status quo* as it is now constituted.

" * * * and this court is not inclined to change the *status quo* as it exists because it does not find that the welfare of the children demands a change."

[3] In *Riede* v. *Riede, supra,* the Court stated that because the welfare of the child is of such prime importance the Court has it within its power to award custody to someone entirely removed from the controversy.

now wanted the child returned to her. The Court denied her request, saying "the overriding consideration becomes the best interests of the children to which *all other considerations must yield.*" (Emphasis added.) The Court also denied the mother's request in *Mault* v. *Elliott* (1951), 329 Mich 544, even though she showed as much fitness and suitability of home environment as did the father. There the Court said:

"[T]he welfare of the child is the prime consideration. (at 549)

\* \* \*

"The fitness of the parties and the suitability of their homes for the rearing of children are not the sole questions at issue. (at 551)

\* \* \*

"This Court has repeatedly recognized in prior decisions that a change in the environment of a young child is ordinarily not conducive to the child's welfare." (at 552, 553)

In *Sweet* v. *Sweet* (1950), 329 Mich 251, the father was originally awarded custody when the mother was declared unfit. The evidence at the time of the petition showed that she was now stable and capable of caring for children, but the mother was denied custody in spite of this. The Court said she also had the burden of showing that the children were not receiving care and attention in their present environment.

Courts have been increasingly reluctant to award changes in custody because of the recognized detrimental effect on the child. In *Mault* v. *Elliott, supra,* the child had been with the father for five years, and the mother had remarried in the interim. The Court refused to return the child to its mother despite MCLA § 722.541 and despite the fact that because of her remarriage she was quite able to provide the

child with a stable and suitable home. The Court said, quoting *Lazell* v. *Lazell, supra:* " 'It is not well to disturb the *status quo* unless the court finds it necessary or proper for the good of the child.' " *Mault* v. *Elliott, supra,* p 552.

In *Ostergren* v. *Ostergren* (1962), 368 Mich 408, the children had been with their father and stepmother for three and one-half years, "years during which these small children had formed firm personal relationships with and had become dependent for security upon their father and stepmother". The Court declined to "disrupt their presently well-adjusted lives" since the mother had not shown that their welfare would be *enhanced* by the return of them to her. In *Hentz* v. *Hentz, supra,* the Court required a "clear preponderance of the evidence that the rights, best interests, and welfare of the involved children would be served by the custodial change sought." Since the mother did not show this, no change was made.

In *Sweet* v. *Sweet, supra,* the mother was required to show a worsening of conditions in the father's home. It also placed great emphasis on the "years of tender care for his children" given by the father and concluded that "the welfare of the children requires the continuance of the father's custody."

Cases in which parent is pitted against parent for their child's custody present for judicial determination the custodial disposition which will be in the child's best interests. *In re Ernst, supra.* See, also, *Wells* v. *Wells, supra, Dean* v. *Dean, supra,* and *Riede* v. *Riede, supra.* Except for very potent reasons, where the trial judge abused his discretion in making his determination as to what was in the child's best interest, we should not reverse. *Eddinger* v. *Eddinger, supra.*

"[If it is deemed in the best interests of the child to do so] the court can award custody of legitimate or illegitimate children to third parties in preference to either parent, where by reason of parental unfitness or the establishment of a dominant relationship with a third person, family or nonfamily, it appears that such a result is in the best interest of the child." *In re Mark T.* (1967), 8 Mich App 122, 140.

The trial court found that the children were leading normal, happy and healthy lives with their father and stepmother who likes them. They are loved and properly cared for, and the *status quo* should be maintained for their good.

On remand it was indicated that the children are adjusting well to their environment although John has a reading deficiency. The Friend of the Court found defendant father's home to be "exceptionally good and the children in the home appear to be well adjusted."

In a report dated July 2, 1969 the Friend of the Court made the following recommendations:

"1. Our file does not contain any evidence upon which the court has made an adjudication of unfitness against the plaintiff mother, the plaintiff having only stipulated to the defendant father having custody, the stipulation having been concocted in a German court.

"2. The plaintiff mother's home environment and present family connections have been investigated and found worthy of approval by our department.

"3. Son John, age nine, although he is below the age of election with respect to a custodial parent, has evidenced a desire to be with his mother and may be on the threshold of an incipient emotional problem, evidenced in the reading department and may be fundamental to his emotional and intellectual development.

"4. It is therefore our recommendation, based upon the best interests theory, that the minor children herein should be placed in the custody of their mother and allowed to reside in the State of Ohio."

These children have witnessed the dissolution of their parents' marriage. They have been the subject of a protracted battle for custody. Although the Friend of the Court noted a reading deficiency, we find nothing in his report nor in testimony before the court to warrant the correlation of John's being "on the threshold of an incipient emotional problem" with his present environmental status. These two children have adjusted to the situation. We see no reason to disturb this *status quo* and thereby risk another unsettling disruption of their home.

Under all the circumstances considered, the decision of the lower court is reasonable and is supported by the record. The advantage of the trial court in being able to observe these parents during the hearing, to hear their testimony, and to weigh the evidence and probable results is particularly persuasive in the area of child custody. The record presented on appeal supports the trial judge's exercise of his discretionary power to override the statutory preference in favor of the mother.

Judgment of the lower court is affirmed.

J. H. GILLIS, P. J., concurred.

LEVIN, J., concurred in the result.