## LAMKY v. LAMKY

### OPINION OF THE COURT

1. APPEAL AND ERROR—EQUITY—SCOPE OF REVIEW.

An appeal in equity subjects all questions of fact as well as law to review; all matters of discretion are open for consideration in the appellate court precisely as they were in the court below.

2. PARENT AND CHILD—CHILD CUSTODY—BEST INTERESTS—PERJURY.

The overriding consideration in a child-custody case is the best interests of the child, to which all other considerations must yield; even if perjured testimony was given in order to gain custody of the child, the court must still base its award on the child's best interests.

3. PARENT AND CHILD—CUSTODY—CHANGE OF CUSTODY—BEST INTERESTS.

Changing the custody of a six-year-old girl from that of her father to that of her mother was error even though perjured testimony had been given at the original custody-divorce hearing to enable the father to obtain custody and the trial judge had found that custody by either parent would equally be in the child's best interests where the child had lived with her father continuously since birth, the father was gainfully employed, his second wife remains home and takes care of the children, the friend of the court recommended that custody be awarded to the father, and the trial judge himself recognized that the child was leading a well-adjusted life with the father and his new family.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 772.
[2, 4] 39 Am Jur, Parent and Child § 20.
[3] 39 Am Jur, Parent and Child §§ 23, 25.
[5] 39 Am Jur, Parent and Child § 14.
  24 Am Jur 2d, Divorce and Separation § 801 et seq.
[6] 39 Am Jur, Parent and Child § 22.
  5 Am Jur 2d, Appeal and Error § 972.

4. Parent and Child—Custody—Father's Custody—Best Inter-
ests.

  The custody of a child will be awarded to the natural father
  even though there is a statutory preference accorded a mother
  in deciding child custody cases when a child is of tender years
  and even though a young girl's relationship with her natural
  mother, especially during the formative years, is important
  where the father's custody is in the child's best interests
  (MCLA § 722.541).

5. Parent and Child—Custody—Visitation—Child's Right.

  Visitation is a privilege for a natural parent in a child-custody
  case; however, providing an opportunity for a child to develop
  a meaningful relationship with his separated parent is a right
  which belongs to the child.

### Dissent by Holbrook, J.

6. Parent and Child—Custody—Evidence—Remand.

  *Child custody award of the trial court should be remanded for
  the taking of further testimony where the trial court's decision
  was based solely on the age of the child and facts dealing
  with the health of the mother; on remand, the trial court should
  take testimony regarding the ability of each parent to care
  for the child and the attentiveness given the child by each
  parent.*

Appeal from Macomb, Walter P. Cynar, J. Sub-
mitted Division 2 January 7, 1970, at Lansing.
(Docket No. 6614.)  Decided December 9, 1970.

Complaint by Lynn L. Lamky against Virginia
A. Lamky for divorce. Judgment of divorce for
plaintiff with custody of minor child. Defendant's
motion for modification of the judgment changing
custody of child to defendant granted. Plaintiff
appeals. Reversed.

*Soma, Oster & Hoste,* for plaintiff.

*Jacob R. Heffner,* for defendant.

Before: LEVIN, P. J., and HOLBROOK and BRON-
SON, JJ.

BRONSON, J. The facts of the instant case can be
briefly stated: On March 6, 1968, a judgment of
divorce was entered between the parties and plain-
tiff husband was awarded custody of the couple's
daughter, Kimberly, who was approaching her third
birthday. On March 26, 1968, defendant wife filed
a motion for a new trial. At the subsequent hearing,
the original judgment of divorce was modified and
custody was awarded to the defendant wife. The
change of custody was apparently based upon the
disclosure that one of plaintiff's witnesses at the
original divorce proceeding had perjured herself.
The modified order changing custody from the plain-
tiff husband to the defendant wife was held in abey-
ance pending appeal.

Plaintiff husband appealed the judgment modifi-
cation to this Court, challenging the correctness of
the trial judge's decision to award custody to the
defendant wife. We concluded that the record, as
well as the findings by the trial judge, were inade-
quate to enable this Court to properly decide the
custody issue. Therefore, the cause was remanded
to the circuit court with an order that the trial
judge, after taking additional testimony, make a
finding on the issue of what custody and visita-
tion order would be in the best interest of the
child.

On remand, the trial judge was of the opinion that
the needs of the child would be adequately taken
care of if custody were awarded either to the plain-
tiff or the defendant. The trial judge concluded,
however, that custody should be awarded to the
defendant wife with reasonable rights of visitation
to the plaintiff husband.

The trial judge had originally found that custody of the child should be awarded to the father because the mother had abandoned the household and apparently had become involved with other men. The reason underlying the subsequent modification of the decree and the change of custody to the natural mother was the disclosure that plaintiff husband's sister had committed perjury at the original hearing. The sister later admitted in court that she lied when she testified at the divorce hearing that plaintiff did not entertain a woman guest overnight while the divorce was pending. The record reveals that plaintiff married the above-mentioned woman shortly after the divorce was granted.

The testimony presented at the hearing on remand indicates that Kimberly is presently living with the father and his second wife. The plaintiff's second wife has a seven-year-old daughter by a previous marriage and the couple have a two-year-old boy from their present marriage. The testimony reveals that Kimberly had adjusted well to her present environment. Kimberly is almost six years old and has lived with the father continuously since birth. The father is gainfully employed and his second wife remains at home to care for the three children.

The trial judge, after taking testimony on remand, found that Kimberly would be adequately cared for if she were to remain with the plaintiff father. However, the court concluded that Kimberly's needs would be adequately cared for by the defendant mother and the court ordered that the child should be placed in the custody of the mother. We disagree with the decision reached by the trial judge.

The responsibilities and standards in reviewing child custody cases by this Court was recently stated in *Tarr* v. *Pollock* (1970), 25 Mich App 437:

"Each chancery case is dealt with *de novo* according to the justice and equity upon the whole record. *Goodrich* v. *Smith* (1891), 87 Mich 1. To the same effect, *Bojarski* v. *Milus* (1924), 226 Mich 475.

"Unlike an appeal at law, an appeal in chancery subjects all questions of fact as well as law to review by the upper court. *State* v. *Venice of America Land Co.* (1910), 160 Mich 680.

"Where an appeal in equity lies, it brings the case up for review, with all matters of discretion open for consideration in the appellate court, precisely as they were in the court below. *Detroit Fire & Marine Insurance Co.* v. *Renz* (1876), 33 Mich 298.

"The appellate court hears a chancery case *de novo* and it is the duty of such court to exercise independent judgment in passing upon the evidence. *Mahder* v. *Soule* (1919), 207 Mich 40.

"It is the task of the Court of Appeals not merely to determine reversible error in a child custody case but, rather, to reconsider the entire record *de novo*.

"In a child custody case the Court of Appeals assumes the same role as would the chancellor in an original action.

" 'The chancellor in exercising his jurisdiction upon petition does not proceed upon the theory that the petitioner, whether father or mother, has a cause of action against the other or indeed against anyone. He acts as *parens patriae* to do what is best for the interest of the child. He is to put himself in the position of a "wise, affectionate and careful parent" * * * and make provision for the child accordingly.' *Finlay* v. *Finlay* (1925), 240 NY 429, 433, 434 (148 NE 624, 626, 40 ALR 937), quoted favorably in *Sovereign* v. *Sovereign* (1958), 354 Mich 65, 79, and *In re Mark T.* (1967), 8 Mich App 122, 143."

More precisely, this Court reviews the entire record, giving deference to the trial court's findings, but bearing in mind that the welfare of the child is paramount to all other considerations. *E.g., Hentz*

v. *Hentz* (1963), 371 Mich 335; *Sweet* v. *Sweet* (1950), 329 Mich 251; *Lair* v. *Lair* (1959), 355 Mich 10; *Davis* v. *Davis* (1941), 296 Mich 711.

Courts have never been inclined to condone or reward those who choose to perjure themselves. Nor should they, since the pernicious effects of perjury are evident to all. Upon disclosure, perjury should be condemned by the courts and the guilty party dealt with accordingly. However, the fact that perjured testimony was presented in this case does not permit the court to abdicate its primary responsibility to the offspring of the marriage. In deciding custody issues, the overriding consideration becomes the best interest of the child, to which all other considerations must yield. See *Hentz* v. *Hentz, supra,* p 346.

After reviewing the entire record, which includes the friend of the court recommendation that custody be awarded to the plaintiff father, we come to a different conclusion than that reached by the learned trial judge. From the record we conclude that it is not in the best interest of the child that she be taken away from her present home with the natural father and placed under the custody of the natural mother.

We are not unmindful of the statutory preference accorded a mother in deciding child custody cases when a child is of tender years. MCLA § 722.541 (Stat Ann 1957 Rev § 25.311). Nor do we undermine the importance of a young girl's relationship with her natural mother, especially during her formative years. While considering these factors, we also recognize that they do not restrict this Court's inherent power to render custodial orders in regard to each child as the facts and circumstances of the case require. *Tarr* v. *Pollock, supra.* The child's

best interest is, and always has been, the paramount and only consideration.

Nothing presented in the record indicates that Kimberly's present environment is not conducive to her welfare. On the contrary, as recognized by the trial judge, the young girl is presently leading a well-adjusted life with the father and his new family. Kimberly is almost six years old and has remained with the father continuously since birth. The child's welfare will not be served by giving effect to the trial judge's order changing custody from the plaintiff father to the defendant mother.

We recognize in situations such as is here presented the importance of a viable and meaningful relationship between a young girl and her natural mother. Acknowledging the importance of this relationship, we are confident that the trial judge will insure that liberal visitation privileges will be provided for the defendant mother. While recognizing visitation as a *privilege* for the natural parent which should not be abused, providing an opportunity for the child to develop a meaningful relationship with his or her separated parent is a *right* which belongs to the child. Visitation should not be discouraged or frustrated by the custodial parent truly interested in the child's welfare.

For the above-mentioned reasons, we reverse the trial court's modification of the original divorce decree.

LEVIN, P. J., concurred.

HOLBROOK, J. (*dissenting*). This writer has read the transcript on remand and the determination of the trial judge to the effect that the child should be awarded to the mother because of the child's age and because of the facts brought out at the hearing.

The opinion of Judge Bronson and Judge Levin would appear at first blush to be correct. On remand the trial judge did not determine in so many words that the best interests of the child required a transfer of custody from the father to the mother. This, to my mind, is the criterion or the test to be applied in every case involving custody of children. Realizing that we hear chancery cases *de novo* I am unwilling to substitute my opinion for that of the trial judge and still unwilling to accept the finding of the trial judge which appears to be based solely upon the age of the child and other facts which have to deal with the health of the mother. I am compelled to dissent. I would remand again to the trial court to take further testimony as to which parent should have the custody, taking into consideration the best interests of the child. Upon remand, testimony should be taken as to the ability of each parent to care for the child and the attentiveness given the child by each parent as well as any other matter dealing with facts bearing upon custody.