MILLER v. MILLER

Appeal from Wayne, John D. O'Hair, J. Submitted Division 1 October 13, 1971, at Detroit. (Docket No. 11501.) Decided October 27, 1971.

Complaint for divorce by Charles R. Miller against Carol Jessie Miller. Defendant counterclaimed for divorce. Divorce and child custody granted to defendant. Plaintiff appeals the child custody determination. Affirmed.

*Sidney Fershtman,* for plaintiff.

*Larson & Harms,* for defendant.

Before: LEVIN, P. J., and R. B. BURNS and J. H. GILLIS, JJ.

PER CURIAM. Plaintiff and defendant were married in 1966. One daughter was born in 1967. She suffers from osteogenesis imperfecta, a bone disease which renders her susceptible to fractures and requires that she be given somewhat more supervision than would otherwise be needed. Plaintiff filed suit for divorce in 1970, alleging extreme cruelty. Defendant counterclaimed for divorce on the same grounds and was granted a divorce in March 1971. She was awarded permanent custody of the child. Plaintiff husband appeals the trial court's custody determination.

The record clearly shows that the trial judge correctly sought to ascertain the best interests of the child in resolving the difficult question of proper custody. *Tarr* v. *Pollock* (1970), 25 Mich App 437. His actions were consistent with the requirements of the Child Custody Act of 1970, MCLA 1971 Cum Supp § 722.21 *et seq.* (Stat Ann 1971 Cum Supp § 25.312[1] *et seq.*), although this statute did not take effect until after judgment had been entered.

MCLA 1971 Cum Supp § 722.28 (Stat Ann 1971 Cum Supp § 25.312[8]) specifies the standard for review of custody cases as follows:

"To expedite the resolution of a child custody dispute by prompt and final adjudication, all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue."

We have reviewed the record and do not find any such error.

Affirmed. Costs to defendant.